500 P.2d 914

**Leon ULAN and Sylvia Ulan, husband and wife, Appellants,**

**v.**

**Hollis T. LUCAS and Bettie B. Lucas, husband and wife, and Arizona Board of Regents, a body politic, Appellees.**

**No. 2 CA–CIV 1169.**

Court of Appeals of Arizona,
Division 2.

Sept. 12, 1972.

**130**

Messing, Hirsh & Franklin, P. C., by William Messing, Tucson, for appellants.

Gary K. Nelson, Atty. Gen., Phoenix, by John S. O'Dowd, Asst. Atty. Gen., Tucson, for appellee, Arizona Board of Regents.

KRUCKER, Chief Judge.

Appellants, plaintiffs below, seek reinstatement of their complaint against the appellees, defendants below, contending that the trial court erred in dismissing their complaint upon the defendants' motion.

The gravamen of plaintiffs' claim was unlawful interference with their contractual rights. They alleged, *inter alia,* that they had entered into a contract for the sale of certain real property located at the intersection of Park Avenue and East Sixth Street in Tucson; that the defendants knew of such contract of sale and threatened to bring an action for condemnation which would tie up the property for an extended period of time; that the defendants refused plaintiffs' offer to sell the property to them; that plaintiffs were "forced to abandon the sale" thereby sustaining a loss of $15,000; and that the defendants subsequently purchased the property from the record owners. Appended to the complaint and incorporated therein by reference was a copy of the sales agreement concerning the subject realty.

We agree with plaintiffs that for purposes of ruling on a motion to dismiss, the well-pleaded facts of the complaint are to be taken as true. Lakin Cattle Co. v. Engelthaler, 101 Ariz. 282, 419 P.2d 66 (1966). In reviewing a ruling on such motion, an appellate court must do likewise. Davis v. State, 1 Ariz.App. 264, 401 P.2d 749 (1965). We have held that affirmative defenses may be raised and determined on a motion to dismiss where the facts constituting the defense appear on the face of the complaint. Industrial Commission v. Superior Court, 5 Ariz.App. 100, 423 P. 2d 375 (1967).

The defendants' act upon which plaintiffs' claim was predicated was a "threat" to condemn the property which plaintiffs had contracted to sell to another. It is well-settled that where breach of a contract is caused by an act which a person has a definite, legal right to do without any qualification, there is no liability for inducing such breach. D & S Farms v. Producers Cotton Oil Co., 16 Ariz.App. 180, 492 P.2d 429 (1972); Bunnell v. Bills, 13 Utah 2d 83, 368 P.2d 597 (1962); Augustine v. Trucco, 124 Cal.App.2d 229, 268 P.2d 780 (1954); Mitchell v. Aldrich, 122 Vt. 19, 163 A.2d 833 (1960); 45 Am.Jur.2d Interference § 23.

There is no question but that the Arizona Board of Regents may exercise the power of eminent domain when necessary for an appropriate purpose. A.R.S. § 12–1111 et seq. The only conduct on the part of the defendants, which was the basis of the plaintiffs' claim for relief, was that which it had a definite legal right to do. Where, on the face of a complaint, it affirmatively appears that the defendant was privileged to interfere with contractual relations, dismissal is appropriate. Bliss v. Southern Pacific Co., 212 Or. 634, 321 P. 2d 324 (1958); Cf., Collins v. Vickter Manor, 47 Cal.2d 875, 306 P.2d 783 (1957); Herron v. State Farm Mutual Ins. Co., 56 Cal.2d 202, 14 Cal.Rptr. 294, 363 P.2d 310

(1961). Plaintiffs argue, however, that the threat of condemnation was actuated by ulterior and improper motives. We believe the following statement from *Bliss,* supra, disposes of this contention:

"The doing of a lawful thing in a lawful way is not tinctured or made less lawful by elsewhere describing it as the product of derogatory motives on the part of the doer." 321 P.2d at 329–330.

Since the face of the complaint disclosed no basis for relief, dismissal was appropriate.

Judgment affirmed.

HOWARD and HATHAWAY, JJ., concur.