Stephen S. PSTRAGOWSKI,
Plaintiff, Appellee,

v.

METROPOLITAN LIFE INSURANCE
COMPANY, Defendant, Appellant,

Orise B. PSTRAGOWSKI, Plaintiff,
Appellant,

v.

METROPOLITAN LIFE INSURANCE
COMPANY, Defendant, Appellee.

Nos. 76–1344, 76–1509.

United States Court of Appeals,
First Circuit.

Argued Jan. 3, 1977.

Decided April 14, 1977.

Russell F. Hilliard, Concord, N. H., with whom Maynard, Dunn & Phillips, Concord, N. H., was on brief, for Stephen S. Pstragowski and Orise B. Pstragowski.

Michael M. Ransmeier, Concord, N. H., with whom Sulloway Hollis Godfrey & Soden, Concord, N. H., was on brief for Metropolitan Life Ins. Co.

Before COFFIN, Chief Judge, ALDRICH and CAMPBELL, Circuit Judges.

COFFIN, Chief Judge.

These are two appeals, both arising from suits challenging the termination of Stephen Pstragowski's employment as a local sales manager for the Metropolitan Life Insurance Company (Metropolitan). The first is an appeal by Metropolitan from a judgment of $116,391.10, which was entered for Stephen Pstragowski, following a jury verdict, on his claim that his discharge was motivated by malice on the part of the company and thus constituted a breach of contract under New Hampshire law. The second is an appeal by Stephen's wife, Orise, from an order dismissing a suit she brought on a third party beneficiary theory.

In *Monge v. Beebe Rubber Co.*, 114 N.H. 130, 316 A.2d 549 (1974), the New Hampshire Supreme Court held that an employee who is discharged by reason of the bad faith, malice, or retaliatory motives of his employer has a right of action for breach of contract, notwithstanding the fact that he was an employee at will. The substantive issues raised in these appeals pertain in large part to the scope of the *Monge* rule.

### Metropolitan's Appeal

■ Metropolitan's sole contention on appeal is that the district court erred in submitting the case to the jury. Insofar as it argues that the evidence showed that Metropolitan did not seek to terminate Pstragowski at all and that there were reasonable grounds to discharge him, we must hold that there was sufficient evidence supporting the jury's findings that the discharge was motivated by malice on the part of Pstragowski's immediate supervisor, Ham, and that Saunders, the next higher in command, acted with malice or with full knowledge of Ham's bad faith.

Metropolitan's second argument is more substantial. It maintains that the official who effectively made the decision to terminate Pstragowski was the territorial vice president, Cannatella, and that the record does not contain substantial evidence supporting the view that he harbored any malice toward Pstragowski or that he acted with knowledge of Ham or Saunders' malice. Metropolitan's position is that an employee may not recover under *Monge* unless he establishes that the individual with the effective decision making power can be charged with the bad faith of his underlings. This issue was not addressed in *Monge*, for there the jury had before it evidence from which it could reasonably

conclude that the decision maker, the personnel manager, connived with the malicious designs of the foreman.

The question Metropolitan attempts to present strikes us as an important and difficult one. On the one hand we think it rigorous doctrine to impose liability on a company for terminations of employment at will sparked by foremen's grudges, without proof of any involvement by the responsible management. On the other hand, we can appreciate that the New Hampshire rule might be substantially eviscerated if the home office were required to be implicated.

We do not reach this issue nor that of whether Cannatella's frequent telephone conversations with Saunders and his authorization of Pstragowski's termination before hearing the results of a supplemental investigation he had ordered would support a finding of connivance on his part. Appellant has simply not preserved the issue for appellate review.

In the district court it moved, both at the close of plaintiff's case and at the close of all evidence, for a directed verdict on the ground that "no reasonable man could find any malice, wanton, necessary [sic] or retaliation on the basis of the evidence presented." The court, referring to *Monge,* denied the motion. Apparently satisfied at the sufficiency of the evidence relating to Ham, but being "bothered" by the evidence as to Saunders, it pressed plaintiff's counsel for his theory. No mention of Cannatella was made by court or counsel. The court subsequently instructed the jury as follows:

"Now, I think you know that a corporation acts through its agents, servants and employees. And the agents, servants and employees that we are talking about in this case are, as far as actual proof of liability is concerned, are Mr. Ham and Mr. Saunders. And, of course, Mr. Cannatella also comes into the picture, but it is Mr. Ham and Mr. Saunders whose conduct you have to judge in this case.

\*    \*    \*    \*    \*    \*

Now, to sum up, in order for the plaintiff to recover, he must prove that either Mr. Ham or Mr. Saunders, or both working together, caused him to be fired . . . and that either or both did so out of malice, bad faith or in retaliation for making the charges against Ham."

There were no exceptions taken by defendant. Indeed, the charge was consistent with the defendant's request, which was general in nature.[1]

█ It is, of course, established that the sufficiency of the evidence is not reviewable on appeal unless a motion for a directed verdict was made in the trial court. *See LaForest v. Autoridad de las Fuentes Fluviales,* 536 F.2d 443 (1st Cir. 1975); 9 Wright & Miller, Federal Practice and Procedure § 2536. A corollary to this rule is that a party who moved for a directed verdict may obtain appellate review only on the specific ground stated in the motion. *See House of Koscot Dev. Corp. v. American Line Cosmetics, Inc.,* 468 F.2d 64 (5th Cir. 1972); *Randolph v. Employers Mut. Liab. Ins. Co.,* 260 F.2d 461 (8th Cir. 1958); *Friedman v. Decatur Corp.,* 77 U.S.App.D.C. 326, 135 F.2d 812 (1943). While a party need not state a contention with technical precision in order to save his rights, he must state it with "sufficient certainty to apprise the [district] court of the movant's position." 9 Wright & Miller, Federal Practice and Procedure, § 2533, p. 580. Here, the motion for a directed verdict gave the court no indication that the defendant might take the position that plaintiff could recover only if Cannatella could be charged with malice and that there was insufficient evidence of such malice to support a jury verdict. Indeed, the negative pregnant of the motion for a directed verdict seemingly was that malice need not be shown on the part of Cannatella. Accordingly, appellant is precluded from seeking a reversal on the ground there was insufficient evidence of Cannatella's malice. *Cf. United States v.*

---

1. "If you find that no bad faith, malice or retaliation were involved in the termination of Pstra-

gowski's employment, your verdict will be for the defendant."

**4**

*Lachmann,* 469 F.2d 1043, 1044–45 (1st Cir. 1972).[2]

### Orise Pstragowski's Appeal

Stephen Pstragowski instituted his successful action on September 3, 1974. In the course of the preparations for that trial, his counsel learned that a major element of the damages incurred were lost benefits for Stephen's wife, Orise. Apparently believing that this action was required to recover such lost benefits, Stephen moved, on May 13, 1976, to amend his complaint to add his wife as a party-plaintiff. The district court denied his motion, and no appeal was taken. On August 23, 1976, shortly after the completion of Stephen's trial, Orise filed an action in her own right, alleging that the breach of her husband's employment contract had caused damages to her "as a person intended by both parties to be benefitted thereby."

Two days after it was filed, the district court, apparently without seeing defendant's answer, dismissed Orise's complaint for laches. In denying Orise's motion for reconsideration, the district court indicated that its decision rested on the alternative ground that Orise's cause of action depended upon her showing that she would survive her husband and that it did not think the only possible evidence of her survivorship—mortality tables—would be sufficient to establish this condition precedent under New Hampshire law.

■ Although we neither approve the district court's holding that laches barred this suit[3] nor believe that proof that Orise would outlive her husband was required for her to recover, we agree that Orise has no claim against Metropolitan. We are satisfied that there is no basis upon which she can recover as a third party beneficiary for Stephen's wrongful discharge.

Orise's theory has to be that she is a "donee beneficiary" of Metropolitan's "promise", which was implied into the employment relationship as a matter of New Hampshire law, not to discharge Stephen out of malice. Her claim to this status is based entirely upon her belief that she would have received a number of pecuniary benefits if Stephen had continued to work for Metropolitan: e. g., medical insurance under a group health plan, survivorship benefits under a pension plan, and increased social security benefits as Stephen's wife or widow. *See* 42 U.S.C. §§ 402(b), 402(e), 415.[4] Because Stephen's wrongful discharge eliminated the possibility of her receiving such insurance and income protection, she reasons she must be a third party beneficiary of the contractual duty Metropolitan breached.

■■ Orise's theory is based upon a misconception of the law of third party beneficiaries. It has never been the case that a nonparty to a contract has had a remedy for breach of contract whenever the per-

2. Appellant does not argue that the district court erred in failing to instruct the jury that Pstragowski could not recover unless he proved actual participation in the wrongdoing on the part of Cannatella. There having been no objection to the district court's failure so to instruct the jury, *see* Fed.R.Civ.P. 51, and there having been no earlier ruling by the district court rejecting such a legal position, *compare Krock v. Electric Motor & Repair Co.,* 327 F.2d 213, 215 (1st Cir. 1964), such an argument seemingly would have been unavailing.

3. Passing both the fact that laches is an affirmative defense and should be pleaded, F.R.Civ.P. 8(c), and our doubt that New Hampshire courts would treat third party beneficiary actions for money damages as subject to the equitable defense of laches—the New Hampshire rule is that, when an action is brought within the

applicable limitations period, laches is a bar only if plaintiff's delay was unreasonable and resulted in prejudice to defendant. *See Cote v. Cote,* 94 N.H. 372, 54 A.2d 260 (1947). Here, even assuming unreasonable delay, we see nothing in the record to suggest any change in position by Metropolitan, based on Orise's failure to sue, that would amount to cognizable prejudice.

4. If Orise had a right to recover for these lost benefits, we do not think she would have to establish that she would outlive her husband in order to recover. The essence of her claim is that she had been denied the type of protection that is afforded by insurance and annuity contracts. Her damages presumably would be the cost of buying similar medical insurance and of entering into an annuity contract which would give comparable benefits.

formance of the contract would have made it possible for the nonparty to receive a pecuniary benefit. To illustrate the fallacy of Orise's theory, it will be helpful to consider a classic case in which a third party donee beneficiary action exists: Jones gives land to Smith in exchange for Smith's promise to give $1000 to Roberts. The right of the third party beneficiary Roberts against the promisor Smith rests chiefly upon the fact that, because the performance by Smith would directly benefit Roberts, the contract will create reasonable expectations on his part. And permitting performance by Roberts "will carry out the intentions and satisfy the expectations of the promisee [Smith] with the least amount of litigation." 4 Corbin on Contracts § 775 p. 8. *See also* 2 Williston on Contracts § 357 p. 844 (3d ed. 1959). In deciding whether a nonparty should have a remedy for breach of contract, a court should ask whether the character of the benefit that will result to the putative third party beneficiary is such that his expectations of a pecuniary benefit are reasonable and whether enforcement by him will produce the result intended by the promisee at the least cost to society. *See* 4 Corbin on Contracts § 775 p. 8. Neither condition is satisfied in the case of Orise's claim.

Focusing on the benefits that would have flowed to Orise if Metropolitan had not wrongfully discharged her husband, we do not think any expectations she might have had were reasonable. The performance of Metropolitan's contractual duty not to discharge Stephen out of malice would not have necessarily resulted in the provision of the insurance and income protection for which Orise seeks to recover; it would have only created the possibility of such protection. A number of events could have resulted in the discontinuance of the coverage for Orise: a good faith discharge, a decision by Stephen to leave Metropolitan, or the dissolution of their marriage. Any expectation Orise might have had in the continuous provision of these protections was too ephemeral to entitle her to recover damages in her own right for the wrongful discharge.

And enforcement by Orise not only would not produce the result intended by Stephen at the least cost to society; it would create needless, duplicative litigation. Metropolitan's breach of contract was, above all else, a legal wrong to Stephen Pstragowski, the promisee, and a suit by Stephen could have attained all the results for which he contracted. Whether or not they can be characterized otherwise, Orise's lost benefits were part of Metropolitan's compensation package with Stephen. The provision of the benefits spared Stephen the cost of purchasing comparable insurance protection for his wife, and this cost could have been reflected in Stephen's own contract damages. Were Orise to be found to have a claim in this case, the principle would allow not only two suits for every wrongful discharge, but possibly as many more suits as the employee had children or other such dependents. The cost to society would be disproportionate.

*The judgments in both cases are affirmed; no costs.*