360 So.2d 1156 (1978)
INTERNATIONAL FUNDING CORPORATION, Appellant,
v.
Harold KRASNER and Pearl Krasner, His Wife, Appellees.
No. 78-273.
District Court of Appeal of Florida, Third District.
July 25, 1978.
*1157 Ritter & Ritter, Coral Gables, for appellant.
Herbert B. Lebovitz, Hollywood, for appellees.
Before HAVERFIELD, C.J., and PEARSON and HENDRY, JJ.
PER CURIAM.
Defendant, International Funding Corporation (IFC), appeals an order dismissing its amended counterclaim for tortious interference with a business relationship in an action for a mortgage foreclosure instituted by plaintiffs, Harold and Pearl Krasner.
IFC executed a $253,000 purchase money second mortgage and note in favor of Harold and Pearl Krasner, and IFC subsequently defaulted on the monthly payments. The Krasners then instituted the instant mortgage foreclosure action against IFC which filed an answer and counterclaim against the Krasners for tortious interference with its business relationships. After the entry of a final judgment of foreclosure in favor of the Krasners, IFC filed an amended counterclaim for tortious interference with a business relationship grounded upon the allegations that the Krasners had orally stated to officials of the Department of Insurance and a newspaper reporter that IFC failed to make the required payments on the note, that the note was in default and IFC was in financial difficulty. The Krasners moved to dismiss this amended counterclaim and after hearing argument of counsel, the court entered an order of dismissal. We affirm.
The elements of the tort of interference with a business relationship are (1) existence of a business relationship under which the claimant has legal rights, (2) intentional and unjustified interference with that relationship by defendant, and (3) damage to the claimant as a result of the breach of the business relationship. See Symon v. J. Rolfe Davis, Inc., 245 So.2d 278 (Fla. 4th DCA 1971).
After a review of IFC's amended counterclaim, we conclude that the allegations do not include all the elements of the tort of interference with a business relationship; in particular, the failure to specifically aver the business relationships of IFC with which the Krasners intentionally and unjustifiably interfered.
Order of dismissal affirmed.