PER CURIAM.
Warth Paint Company, Inc., was the plaintiff in the trial court. This is an appeal from a summary final judgment for the defendant. The basic claim asserted by the appellant is that its executive officer was injured in an automobile accident for which the appellee Jackson was responsible. As a consequence of this injury to its officer, the corporation claimed damages for loss of business due to the officer’s absence from his job. The trial court correctly determined that this action is not sustainable in Florida. See International Funding Corporation v. Krasner, 360 So.2d 1156 (Fla.3d DCA 1978).
The trial court apparently overlooked a claim contained in the complaint for damages to the automobile owned by the corporation which was involved in the accident. Plaintiff claimed $1,404 as the expense of renting a replacement car and $9,000 as depreciation for the damages to the car. On this appeal, Jackson responds that the record shows plaintiff was paid by its own insurance company for all repairs and for rental expenses. It is urged that as a consequence of the payment, the plaintiff executed a subrogation agreement and that defendant Jackson or his insurance company has now paid for these damages. If an agreement to accept the amount paid as full compensation for the property damage exists, it does not appear in the record. Therefore, we conclude that the trial court prematurely entered a summary judgment upon the property damage claim.
We are aware that it is highly unlikely that plaintiff has received the payments admitted without executing a release and subrogation agreement. If it appears upon remand that the plaintiff has executed a release, then the trial court may dismiss this cause with prejudice under Florida Rule of Civil Procedure 1.510(b) & (g), and enter sanctions in accordance therewith.
Reversed and remanded for further proceedings in accordance with the views herein expressed.