396 So.2d 272 (1981)
Harrison PINDER, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-1888.
District Court of Appeal of Florida, Third District.
April 7, 1981.
Bennett H. Brummer, Public Defender and Mark King Leban, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Anthony C. Musto, Asst. Atty. Gen., for appellee.
Before HENDRY, SCHWARTZ and NESBITT, JJ.
SCHWARTZ, Judge.
The only point presented on this appeal from an aggravated assault conviction is the alleged insufficiency of the evidence to support the three-year minimum mandatory sentence required by Section 775.087(2) Fla. Stat. (1979) because the crime was committed with a "firearm." The defendant contends that the only evidence on the issue[1]  the victim's testimony that the defendant was carrying what she described as a "handgun" or a "revolver-type of gun"  did not justify the determination that the instrument in question was in fact a "firearm," as defined in Section 790.001(6) Fla. Stat. (1979) rather than a toy pistol. See, Miles v. State, 338 So.2d 547 (Fla.3d DCA 1976). We are unable to reach the merits of this question because the issue was not properly preserved for review by any objection or motion which asserted this particularized contention below.[2]De La Cova v. State, 355 So.2d 1227 (Fla.3d DCA 1978), cert. denied, 361 So.2d 831 (Fla. 1978), and cases cited. This rule is applicable and controlling in this case because of the real possibility that if the claim had been brought to the attention of the court and the prosecution, it might well have been obviated by the introduction of additional testimony  as, for example, by the victim's answer to a single specific question as to whether the implement in Pinder's hand *273 was or was not a toy. We will not reverse on the basis of an initial appellate assertion of alleged error which even may have been cured[3] if advanced at the time of trial. See, Marks v. Delcastillo, 386 So.2d 1259, 1266-67 (Fla.3d DCA 1980), review denied, 397 So.2d 778 (Fla. 1981).
Affirmed.
NOTES
[1] The "gun" itself was never recovered.
[2] The defense did contend that the evidence did not show that the gun was "capable of firing a projectile." Under Sec. 790.001(6), however, which defines a firearm as including even the frame or receiver of such a weapon, no such showing is necessary. Machado v. State, 363 So.2d 1132 (Fla.3d DCA 1978), cert. denied, 373 So.2d 459 (Fla. 1979).
[3] By the very "act" of not objecting, the party who does not properly preserve error below necessarily takes his chances as to whether there was in fact any way in which the objection could have been obviated; in this case, whether the victim was indeed able to differentiate between a firearm and a toy. In other words, fundamental error may exist only when, as an essential precondition, it clearly and affirmatively appears that the result could not have been affected by the failure to object. See, Pait v. State, 112 So.2d 380 (Fla. 1959); Marks v. Delcastillo, infra, 386 So.2d at 1266-68.