464 So.2d 166 (1985)
Donald WAGNER, Appellant,
v.
NOTTINGHAM ASSOCIATES, a Partnership Consisting of Henry Spiegel, Ann Spiegel and Walter Wekstein, Trustee of the Dianne Birdman Irrevocable Trust, Appellee.
No. 84-105.
District Court of Appeal of Florida, Third District.
January 22, 1985.
Rehearing Denied March 19, 1985.
*168 Koppen & Watkins and Robert Koppen, Miami, for appellant.
Norman Malinski, Miami, for appellee.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and FERGUSON, JJ.
SCHWARTZ, Chief Judge.
The defendant appeals from a judgment entered upon a jury verdict for compensatory and punitive damages in an action avowedly based on an alleged intentional interference with an advantageous economic or business relationship. The plaintiff, Nottingham Associates, which had purchased an office building from the defendant, Wagner, claimed that he had maliciously interfered with its arrangements with the City of Miami building and zoning department for the issuance of a building permit and thereafter a certificate of occupancy to permit the expansion of a portion of the building so that the area could be lucratively leased to a prospective tenant. Wagner insisted  and the city officials, after first concluding to the contrary, then for a lengthy period agreed  that a variance, which Nottingham did not secure, was required for that relief. In fact, as Nottingham finally established in litigation with the city, see Nottingham Associates v. City of Miami, 410 So.2d 214 (Fla. 3d DCA 1982), this was not the case.

I
We first disagree with Wagner's primary contention that, as a matter of law, the evidence does not support the claim that he acted wrongfully. In our judgment,[1] the record supports each of the elements of the tort of interference.[2] The appellant's most substantial argument to the contrary is that his actions were privileged attempts to safeguard his economic interests as the holder of a purchase money mortgage on the property. See generally, Ethyl Corp. v. Balter, 386 So.2d 1220, 1224-26 (Fla. 3d DCA 1980), pet. for review denied, 392 So.2d 1371 (Fla. 1981), cert. denied, 452 U.S. 955, 101 S.Ct. 3099, 69 L.Ed.2d 965 (1981). It is true that his status as a mortgagee would have permitted him to take steps fairly designed to insure that his debt would be paid. Nitzberg v. Zalesky, 370 So.2d 389 (Fla. 3d DCA 1979). The fact is, however, as Wagner acknowledged at trial, that his efforts, which served to diminish the flow of income to his mortgagor, had exactly the opposite effect. Thus, the jury could find that Wagner's actions were not "reasonably directed to the recovery of the ... sums [he] was owed," Ethyl Corp. v. Balter, 386 So.2d at 1224, but were instead tortiously undertaken out of malice or for the equally impermissible purpose of making payment of the mortgage difficult or impossible so that Wagner could foreclose upon and retake the property. Tamiami Trail Tours, Inc. v. Cotton, 463 So.2d 1126 *169 (Fla. 1985); see W. Prosser & W. Keeton, The Law of Torts 984, 986 (5th ed. 1984).[3]

II
At the oral argument of this appeal, Wagner's counsel intimated and the court became itself concerned with an issue which goes to the entire theory of the case as a whole. There is a very real question as to whether an advantageous arrangement with a governmental entity with respect to the exercise of its police power, such as the enforcement of zoning and building regulations, see Penthouse, Inc. v. Saba, 399 So.2d 456 (Fla. 2d DCA 1981), pet. for review denied, 408 So.2d 1095 (Fla. 1981), can ever be a "business" or "economic" relationship with which an "interference" can give rise to the tort sued and recovered upon below;[4][5] to the contrary, it seems likely that the tort of malicious prosecution alone encompasses such a situation  and provides the conditions and safeguards necessary to protect those who invoke the law enforcement functions of their government. We find it unnecessary, however, to resolve this thought-provoking problem because the appellant did not appropriately raise it below and fundamental error is not involved.
The appellant's primary point concerning the insufficiency of the evidence is raised, as indeed it must be, on the basis of the alleged error of the trial court in denying his motion for directed verdict at the conclusion of all of the evidence. Gulf Heating & Refrigeration Co. v. Iowa Mutual Insurance Co., 193 So.2d 4 (Fla. 1966). Florida Rule of Civil Procedure 1.480(a) mandatorily requires that such "[a] motion for a directed verdict shall state the specific grounds therefor." In this case, the only grounds asserted below were those we have already rejected concerning the adequacy of the plaintiff's case under the accepted elements of and defenses to the tort of interference. None concerned the present claims that the cause of action itself does not lie on these facts and that malicious prosecution does instead. Accordingly, the defendant is precluded from raising them on appeal. As is said in 9 C. Wright and A. Miller, Federal Practice and Procedure § 2533 (1971), in discussing an identical provision of Federal Rule of Civil Procedure 50, the "[s]tatement of one ground precludes a party from claiming later that the motion should have been granted on a different ground." Western Oil Fields, Inc. v. Pennzoil United, Inc., 421 F.2d 387 (5th Cir.1970); Randolph v. Employers Mutual Liability Insurance Co. of Wisconsin, 260 F.2d 461 (8th Cir.1958), cert. denied, 359 U.S. 909, 79 S.Ct. 585, 3 L.Ed.2d 573 (1959); Pstragowski v. Metropolitan Life Insurance Co., 553 F.2d 1 (1st Cir.1977); Moy v. Jack Madden Ford Sales, Inc., 4 Mass. App. 102, 342 N.E.2d 718 (1976).
By way of what is essentially dicta, moreover, we observe that, even if it had been raised at the trial, a claim that a malicious prosecution case had not been established by the evidence would not have been well-taken. Indeed, the trial judge, who was the only actor in the trial who was perceptive enough to recognize the issue now under discussion, based his denial of the directed verdict motion upon his conclusion that a case in malicious prosecution had been established. We believe that he was correct. There was evidence of each of the elements of a malicious prosecution claim,[6] specifically including those which *170 are not also encompassed in an interference case:[7] the commencement or continuation of a proceeding against the plaintiff, its termination in his favor, and the absence of probable cause. At bottom, therefore, the appellant's position on the "wrong tort" point  as it has risen in the court's mind  is that the instructions to the jury presented the wrong issue, and specifically the wrong elements required for the plaintiff to recover. Since, however, Wagner requested no malicious prosecution instructions of his own, and both himself submitted and did not object on this ground to the plaintiff's requested charges on interference, he was, under familiar principles, precluded from so contending on appeal. Florida Rule of Civil Procedure 1.470(b) ("No party may assign as error the giving of any charge unless he objects thereto at such time or the failure to give any charge unless he requested the same.") Middelveen v. Sibson Realty, Inc., 417 So.2d 275 (Fla. 5th DCA 1982), pet. for review denied, 424 So.2d 762 (Fla. 1982); St. Regis Paper Co. v. Watson, 409 So.2d 75 (Fla. 3d DCA 1982), rev'd on other grounds, 428 So.2d 243 (Fla. 1983); Schwab v. Tolley, 345 So.2d 747 (Fla. 4th DCA 1977); Henningsen v. Smith, 174 So.2d 85 (Fla. 2d DCA 1965).
Nor, for roughly the same reasons, does the "fundamental error" exception to the preservation rule apply to this case. We have held that such an error arises only when it affirmatively appears that it could not have been cured below if met with a timely objection. Pinder v. State, 396 So.2d 272, 273 n. 3 (Fla. 3d DCA 1981). It is all the more clear that it cannot apply when, as we have seen, the plaintiff had, however inadvertently, already made out, in proving up the arguably in-correct theory, a prima facie case on the alternative, putatively correct one. Stated another way, fundamental error occurs when, no matter what was or could have been said by the other side at the trial, the resulting judgment is fatally and incorrectly flawed. See Marks v. Delcastillo, 386 So.2d 1259, 1267 n. 15 (Fla. 3d DCA 1980), pet. for review denied, 397 So.2d 778 (Fla. 1981). As we have seen, that is certainly not true of Nottingham's case against Wagner. Compare Marks v. Delcastillo, 386 So.2d at 1267-68 (fundamental error to enter judgment for damages unrecoverable as a matter of law); Yoder v. Adriatico, 459 So.2d 449, (Fla. 5th DCA 1984) (verdict improperly based on abuse of process may not be sustained as malicious prosecution claim since element of that tort of prior termination of action legally impossible to establish in counterclaim).
In sum, even were we to conclude that the case was tried below on the wrong theory, the remedy would have been a new trial, not the entry of judgment for the defendant. But the underlying reason for requiring appropriate presentation of a litigant's position below is to preclude him from securing just that relief on a post-bellum, post-defeat claim which, if timely raised, could have been corrected the first time around. Diaz v. Rodriguez, 384 So.2d 906 (Fla. 3d DCA 1980); Marks v. Delcastillo, 386 So.2d at 1267; Pinder v. State. All that is true of the instant proceeding. If the malicious prosecution contention had been raised below, the trial court may well have accepted it, and instructed the jury accordingly; and the plaintiff, tailoring its proof and arguments to that theory, may well have won anyway. Since the claim was not raised below, we must therefore conclude that it may not be considered here.
Affirmed.[8]
*171 FERGUSON, Judge (dissenting).
A jury awarded plaintiff $100,000 in compensatory and punitive damages on its claim for interference with an advantageous business relationship.
Our holding here should be that the lawful exercise of its police powers by a government entity, although prompted by the action of a private citizen, cannot form the basis for the tort of interference with an economic relationship. Affirmance of the judgment in this case requires us to hold, to the contrary, that a citizen who calls the attention of government to a violation of law acts "unjustifiably" if the act adversely effects a "business" or "economic" relationship between the government unit and the private citizen. Understandably, there is no authority for the proposition. See generally Ulan v. Lucas, 18 Ariz. App. 129, 500 P.2d 914 (1972) (where breach of contract is caused by an act which a person has a definite legal right to do, there is no liability for inducing such breach). The lack of evidence to prove an essential element of the tort, i.e., unjustified interference, was, in my opinion, sufficiently raised by defendant's motion for directed verdict.
The majority then says, I think, that if the plaintiff had proceeded on a correct theory of law, i.e., malicious prosecution, which contains slightly different elements of proof, "he may have won anyway," so, since the defendant did not protest below that plaintiff's theory was all wrong, we will not disturb the judgment. Heretofore the rule has been
that a judgment upon a matter entirely outside of the issues made by the pleadings cannot stand; and where, as here, an issue was not presented by the pleadings nor litigated by the parties during the hearing on the pleadings as made, a decree adjudicating such issue is, at least, voidable on appeal.
Dysart v. Hunt, 383 So.2d 259, 260 (Fla. 3d DCA), rev. denied, 392 So.2d 1373 (Fla. 1980) (quoting from Cortina v. Cortina, 98 So.2d 334, 337 (Fla. 1957), the court held that defendants' failure to object to certain evidence did not constitute an express or implied consent to try an unpled damage theory).
NOTES
[1] At this point, we add a caveat which is much more fully developed below.
[2] elements of the tort of interference with a business relationship are (1) existence of a business relationship under which the claimant has legal rights, (2) intentional and unjustified interference with that relationship by defendant, and (3) damage to the claimant as a result of the breach of the business relationship.
International Funding Corp. v. Krasner, 360 So.2d 1156, 1157 (Fla. 3d DCA 1978), quoted in Nitzberg v. Zalesky, 370 So.2d 389, 390-91 (Fla. 3d DCA 1979).
[3] We find no merit to any of the defendant's contentions concerning the jury instructions.
[4] A contractual relationship with a governmental body may, on the other hand, be indistinguishable for this purpose from one with a private party.
[5] Counsel for the appellee stated that he had found, and our preliminary research likewise has discovered no case sustaining an interference action when such a governmental relationship was the "advantageous" one involved.
[6] elements of a cause of action in malicious prosecution are: 1) the commencement or continuation of an original criminal or civil judicial proceeding; 2) its legal causation by the present defendant against the plaintiff; 3) its bona fide termination in favor of the plaintiff; 4) the absence of probable cause for such a prosecution; 5) the presence of malice; and 6) damages conforming to legal standards resulting to the plaintiff. Johnson v. City of Pompano Beach, 406 So.2d 1257, 1258 (Fla. 4th DCA 1981).
Gause v. First Bank of Marianna, 457 So.2d 582, 584 (Fla. 1st DCA 1984).
[7] See supra note 2.
[8] We consider that this determination moots the appellee's point on cross-appeal that the trial court erroneously directed a verdict against it on a separate count for fraud in the buy-and-sell agreement.