SCHWARTZ, Chief Judge
(dissenting).
When the prosecution raised the alleged defect in the jurat before the trial court, defense counsel immediately offered to have Justo, who was in the courtroom, swear to the contents of the motion to dismiss on the spot. The record is very clear that the state determined to forego this procedure, thereby clearly waiving the right to insist upon the purported deficiency in the oath on appeal. 3 Fla.Jur.2d Appellate Review §§ 291-93 (1978). The only effect of the majority’s consideration of the issue notwithstanding this waiver is to permit the state to correct the deficiency in its response to the motion after remand, although it did not effectively do so the first time it had the opportunity. Since this is unfairly contrary to the most basic rule of appellate review, which requires the preservation of and insistence upon error below and which indeed exists specifically to preclude any such second bite at the legal apple, Wagner v. Nottingham Assoc., 464 So.2d 166 (Fla. 3d DCA 1985), review denied, 475 So.2d 696 (Fla.1985); Pinder v. State, 396 So.2d 272 (Fla. 3d DCA 1981), I must dissent.