**PERDONI BROTHERS, INC.,**
Plaintiff, Appellee,

v.

**CONCRETE SYSTEMS, INC.,**
Defendant, Appellant.

No. 93–2178.

United States Court of Appeals,
First Circuit.

Argued May 4, 1994.

Decided Sept. 2, 1994.

John M. Lovely, with whom Daniel F. Cashman and Gelerman & Cashman, Foxboro, MA, were on brief, for appellant.

Valeriano Diviacchi, with whom Diviacchi Law Office, Boston, MA, was on brief, for appellee.

Before BREYER,* Chief Judge, CAMPBELL, Senior Circuit Judge, and CYR, Circuit Judge.

CYR, Circuit Judge.

Defendant-appellant Concrete Systems, Inc. (CSI), a New Hampshire producer of pre-cast concrete products, contracted in 1985 with plaintiff-appellee Perdoni Brothers, Inc. (Perdoni), a Massachusetts-based construction firm, to manufacture and deliver 121 custom-designed manholes, at a total contract price of $51,670.47, for installation in a new sewer system in the Town of Ashland, Massachusetts. CSI contends that the district court committed reversible error in denying its post-verdict motion for judgment as a matter of law. See Fed.R.Civ.P. 50. For the reasons hereinafter discussed, we affirm the district court judgment.

## I

### BACKGROUND

The first five manholes were delivered to the Perdoni job site by CSI on July 2, 1985. The remaining 116 manholes were delivered intermittently in twenty-six shipments extending over the next thirteen months and invoiced by individual shipment.

Dissatisfied with the CSI manholes (which leaked and had to be patched),[1] Perdoni brought this diversity action in federal district court on April 25, 1990, demanding $134,000 in compensatory damages for breach of the implied warranties of merchantability and fitness for a particular purpose (implied warranty claims), see Mass. Gen.L. ch. 106 §§ 2–314, 2–315, and additional damages based on a deceptive trade practices claim under Mass.Gen.L. ch. 93A ("Chapter 93A"). CSI counterclaimed for

$18,561 allegedly due from Perdoni on the Ashland project and another contract.

Trial was held before a magistrate judge, with the consent of the parties. See 28 U.S.C. § 636(c). The implied warranty claims were tried to a jury, while the Chapter 93A claim was tried to the presiding magistrate judge. It was not until after the close of all the evidence that CSI first moved for judgment as a matter of law on the implied warranty claims relating to 108 of the 121 manholes. The uncontroverted evidence demonstrated that only 13 manholes had been delivered by CSI within four years of the commencement of the present action. CSI accordingly contended that Perdoni's implied warranty claims relating to the other 108 manholes were time-barred under Mass. Gen.L. ch. 106 § 2–725(1) (prescribing four-year limitation on Uniform Commercial Code warranty actions); id. § 2–725(2) (action for breach of warranty under UCC accrues on "tender of delivery" of goods). The magistrate judge denied CSI's motion for judgment as a matter of law.

Thereafter, the magistrate judge convened a charge conference to consider the jury instructions, including the instruction on the statute-of-limitations defense. Neither party requested an instruction on the *law* governing the severability-entirety issue. Although Perdoni unsuccessfully sought an instruction that the contract should be considered an entirety, CSI made no corresponding request for an instruction that the contract be considered severable. Consequently, the magistrate judge simply instructed the jury that CSI had the burden of proving that the action was time-barred, and that the four-year limitation period ran from the "time of delivery." Although both parties argued the severability-entirety issue, the court made no explicit reference to it and neither party

* Chief Judge Stephen Breyer heard oral argument in this matter, but did not participate in the drafting or the issuance of the panel opinion. The remaining two panelists therefore issue this opinion pursuant to 28 U.S.C. § 46(d).

1. Sewer line manholes must be watertight. A common point of leakage is the area where the sewer lines enter the manhole structure. Precise casting, as well as installation of rubber "boots"

to ensure a tight fit between the wall of the structure and the sewer line itself, is necessary to ensure the integrity of the manhole. At trial, Perdoni adduced evidence that CSI had used a defective hole former to cast the manholes for the Ashland project. Consequently, the pipe openings in the sides of the manholes were misshapen and the seals between the boot and rim of the openings were not watertight.

objected to the jury instruction as given.[2]

The jury found in favor of Perdoni for $48,961, and in favor of CSI for $18,561 on its counterclaim. CSI then renewed its Rule 50 motion for judgment as a matter of law and, alternatively, moved for a new trial under Fed.R.Civ.P. 59. The magistrate judge did not address the merits of the CSI motion, however, ruling instead that CSI had waived its severability claim, both by failing to object to the jury instruction and by failing to raise the severability argument in its pre-verdict Rule 50 motion.[3] Nonetheless, the magistrate judge, sitting as trier of fact, found Perdoni's Chapter 93A claim time-barred as it pertained to 108 of the 121 manholes. CSI appealed the denial of its post-verdict motion for judgment as a matter of law or for a new trial on the implied warranty claims. *See* Fed.R.Civ.P. 50(b), 59. CSI's primary appellate target is the district court's waiver ruling on the severability issue.

## II

### DISCUSSION

■■■■ Leaving aside CSI's failure to object to the jury instruction on the statute-of-

limitations defense, the district court waiver ruling is fully supported by CSI's failure to raise the severability argument in its pre-verdict motion for judgment as a matter of law. The law is crystal clear that a "party may not base its motion for a judgment n.o.v. on a ground that was not argued in its motion for directed verdict." *Sweeney v. West-vaco Co.*, 926 F.2d 29, 37 (1st Cir.) (citing *Systemized of New England, Inc. v. SCM, Inc.*, 732 F.2d 1030, 1035 (1st Cir.1984)), *cert. denied*, —— U.S. ——, 112 S.Ct. 274, 116 L.Ed.2d 226 (1991); *see also* 9 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2537 (1971) ("Since it is technically only a renewal of the motion ... made at the close of evidence, [a post-verdict Rule 50 motion] cannot assert a ground that was not included in the motion for a directed verdict."); 5A James W. Moore, *Moore's Federal Practice* ¶ 50.08 (2d ed. 1994) (same). Sweeping invocations of conclusory theories or abstract principles will not suffice: "The motion must ... be made with sufficient specificity to allow the district court to understand precisely why the evidence is insufficient." *Wells Real Estate, Inc. v. Greater Lowell Bd. of Realtors*, 850 F.2d 803, 810 (1st Cir.), *cert. denied*, 488 U.S. 955, 109 S.Ct. 392, 102 L.Ed.2d 381 (1988); *Pstragowski v.*

**2.** The instruction relating to the statute of limitations follows:

> [T]here is also an issue arising from [CSI's] asserted defense based on ... the statute of limitations.
> This is simply a provision that a suit be commenced on certain types of claims within a prescribed period of time, otherwise, the suit is barred or precluded. For a breach of warranty claim, the applicable statute of limitations for an action on a contract for the sale of goods is four years.
> That means that a plaintiff has four years to bring a suit for a breach of warranty. *The time limit placed upon Perdoni began to run at the time of delivery of the manholes, regardless of whether Perdoni knew of the breach.* Thus within four years of the time which Perdoni received the manholes, it must have commenced this lawsuit.
> \* \* \* \* \* \*
> It is [CSI's] burden to show that Perdoni has not complied with the statute of limitations, thus [CSI] has the burden of establishing that Perdoni filed a suit more than four years after the delivery of the manholes, and if Perdoni did not commence the suit within the four-year period, Perdoni may not recover on its warranty theories.

Trial Tr. at 168 (April 16, 1993) (emphasis added).

**3.** The magistrate judge noted that:

> This Court instructed [the jury] that, as an affirmative defense, CSI had the burden of proving ... that Perdoni filed the suit more than four years after delivery of the manholes. CSI did not *object to this instruction.* Nor did CSI *submit an* instruction based on the law governing divisibility of performance, entire contracts, separate contracts and installment contracts. CSI was apparently content to treat the question of what constitutes the time of delivery as an issue of fact. *CSI did move for a directed verdict on this issue, but, again, this motion was predicated on the evidence being clear as to the tender of delivery and included no argument as to the law governing divisibility of performance, entire contracts, separate contracts and installment contracts.* CSI's pretrial memorandum was no more edifying on this point.... This court finds it late in the day to be raising the legal issue, and deems the issue waived.
> *Perdoni Bros., Inc. v. Concrete Sys., Inc.*, Civ. 90–11046–WF, Memorandum Order at 7–8 (D.Mass. August 27, 1993) (emphasis added).

**4**

*Metropolitan Life Ins. Co.,* 553 F.2d 1, 3 (1st Cir.1977) (where Rule 50 motion was silent as to the legal theory that plaintiff was obliged to establish malice on the part of the defendant, there was no basis for an appellate challenge to the sufficiency of the evidence on the element of malice). Ultimately, of course, "[a]ppellate review may be obtained only on the specific ground stated in the motion for directed verdict." *Wells Real Estate,* 850 F.2d at 810; *Pstragowski,* 553 F.2d at 3 (same).

The pre-verdict motion for judgment as a matter of law, *see* Fed.R.Civ.P. 50(a), (b), stressed the undisputed fact that 108 manholes were delivered more than four years prior to suit, but presented no authority or argumentation whatever that the contract should be considered severable (*i.e.,* that Massachusetts law permitted or required that the individual shipments of manholes receive separate treatment for statute-of-limitation purposes, rather than as an entire contract for 121 manholes). The consequences of CSI's cryptic approach were foreordained.

Most importantly, the district court was never forewarned of the legal basis for the severability claim first surfaced by CSI following the adverse jury verdict. Under our precedent, therefore, on appeal CSI was not entitled to challenge the sufficiency of the evidence supporting the jury verdict on the limitations issue. *See Wells Real Estate,* 850 F.2d at 10; *Pstragowski,* 553 F.2d at 3. The magistrate judge correctly ruled that CSI was bound by its own pre-verdict decision to entrust its severability claim to the jury with no further legal definition than the unchallenged instruction that "accrual" under the Massachusetts UCC occurs at the "time of delivery." *See United California Bank v. Eastern Mountain Sports, Inc.,* 546 F.Supp. 945, 964 (D.Mass.1982) ("Under Massachusetts law, 'it is clear that a cause of action

... accrues when delivery is made regardless of the buyer's knowledge of the breach.'") (quoting *Wolverine Ins. Co. v. Tower Iron Works,* 370 F.2d 700, 702 (1st Cir.1966)), *aff'd,* 705 F.2d 439 (1st Cir.1983); *accord Bay State–Spray & Provincetown S.S., Inc. v. Caterpillar Tractor Co.,* 404 Mass. 103, 533 N.E.2d 1350, 1353 (1989).[4]

■ Under Article 2 of the Uniform Commercial Code, the severability or entirety of a contract of sale turns on the intent of the contracting parties, *see, e.g., Carlo Bianchi & Co. v. Builders' Equip. & Supplies Co.,* 347 Mass. 636, 199 N.E.2d 519, 528 (1964) (severability or entirety of contract dependent on intent of parties) (citing, *inter alia, Bianchi Bros., Inc. v. Gendron,* 292 Mass. 438, 198 N.E. 767, 770 (1935)); *Belanger v. Haverlock,* 537 A.2d 604 (Me.1988) (same); *Lake LBJ Mun. Util. Dist. v. Coulson & C.A.E., Inc.,* 771 S.W.2d 145 (Tex.1988) (same); *Scruggs v. Quality Elec. Serv., Inc.,* 282 S.C. 542, 320 S.E.2d 49 (1984) (same); *In re Estate of Wilson,* 50 N.Y.2d 59, 427 N.Y.S.2d 977, 405 N.E.2d 220 (1980); *1901 Wyoming Ave. Coop. Assoc. v. Lee,* 345 A.2d 456 (D.C.1975); *see also* 17A Am.Jur.2d § 415 (1991) ("Whether a contract is entire or severable is a question of fact"), a quintessential jury question. There can be no question that CSI *elected* to forego a more definitive jury instruction on the law governing the severability-entirety issue pressed on appeal. As was its right, CSI simply attempted to persuade the jury that the parties intended a severable contract. Having once embarked on this course, however, CSI was not entitled to set out on a new one after its chosen litigation tactic failed. *See Brody v. President & Fellows of Harvard College,* 664 F.2d 10, 12 (1st Cir.1981) (noting that litigants ordinarily are bound by their tactical decisions at trial), *cert. denied,* 455 U.S. 1027, 102 S.Ct. 1731, 72 L.Ed.2d 148 (1982). Thus, the district court

---

4. Counsel argued the severability-entirety issue in their closings. CSI argued that the parties' performance under the contract demonstrated their *practice* of treating each separately invoiced *shipment* of manholes as a distinct transaction. *See* Trial. Tr. at 141 ("really what is occurring here is a series of contracts.... All the manholes were made to order. The manholes that were shipped ... in 1986 have no relation to the

manholes that were delivered as of November 14, 1985.") Perdoni, on the other hand, urged the jury to view the contract as a unitary whole, and to recognize that Perdoni required all of the manholes in order to complete its contract project. *Id.* at 157 ("if you ordered 12 eggs, and you get 10, you don't say, 'Thank you for delivering my eggs.' .... [T]he full quantity ordered was not delivered until July of 1986.").

did not err in denying the motion for judgment as a matter of law, since CSI "forfeited its right to raise the [severability claim] by waiting to raise it until after the jury reached its verdict." *Sweeney*, 926 F.2d at 37.[5]

■ Next, even assuming that it failed to preserve its severability claim for appeal, CSI argues that a new trial is required due to alleged inconsistencies between the jury's award of damages on the implied warranty claims and the magistrate judge's resolution of the limitations defense relating to the Chapter 93A claim. We do not agree.

First, as no special interrogatory was submitted to the jury on the limitations defense relating to the implied warranty claims, it would be conjectural to conclude that the damages awarded by the jury and the finding made by the magistrate judge are irreconcilable. *See* Fed.R.Civ.P. 49(a) (right to trial on particular issue waived absent request for specific jury finding); *Kavanaugh v. Greenlee Tool Co.*, 944 F.2d 7, 11 (1st Cir.1991) (applying Rule 49 waiver provision). In determining the intent of the contracting parties in this case, the jury may either have found (1) that the contract was severable, and made a generous award of damages (*i.e.*, 37% of the total damages requested by Perdoni on only 11% of the units supplied by CSI); or (2) that the contract was not severable, and made a meager award (*i.e.*, 37% of the total damages requested by Perdoni on 100% of the units supplied by CSI). The inconsistency posited by CSI is predicated on the assumption that the jury made a meager award of damages, yet there is no record basis for such a conclusion. Given the strong presumption of regularity attending jury verdicts, *see, e.g., Veiga v. McGee*, 26 F.3d 1206, 1215 (1st Cir.1994) (noting that reviewing court is compelled to uphold jury verdict under Rule 50 "even in a close case" unless no reasonable jury could have reached the same conclusion), we decline to disturb the verdict on the basis of the assumed inconsistency posited by CSI.

■ Second, CSI posits an inconsistency between the results reached by different decisionmakers on distinct claims, and incorrectly assumes that the jury verdict must yield. Where an irreconcilable inconsistency exists between a bench decision and a jury verdict on different claims arising out of the same transaction, the jury finding must take precedence in the Seventh Amendment context: "when a party has a right to a jury trial on an issue involved in a legal claim, the judge is of course bound by the jury's determination of that issue as it affects his disposition of an accompanying equitable claim." *Lincoln v. Board of Regents*, 697 F.2d 928, 934 (11th Cir.) (citing *Curtis v. Loether*, 415 U.S. 189, 196 n. 11, 94 S.Ct. 1005, 1009 n. 11, 39 L.Ed.2d 260 (1974); *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 470–73, 82 S.Ct. 894, 896–97, 8 L.Ed.2d 44 (1962)), *cert. denied*, 464 U.S. 826, 104 S.Ct. 97, 78 L.Ed.2d 102 (1983); *Los Angeles Police Protective League v. Gates*, 995 F.2d 1469, 1473 (9th Cir.1993) (same); *Fowler v. Land Management Groupe, Inc.*, 978 F.2d 158, 163 (4th Cir.1992) (same); *Wade v. Orange Cty. Sheriff's Office*, 844 F.2d 951, 954 (2d Cir.1988) (same); *see also Walsh v. Chestnut Hill Bank & Trust Co.*, 414 Mass. 283, 607 N.E.2d 737, 740–41 (1993) (noting "equitable" nature of claims under Chapter 93A; no right to jury trial). Moreover, in the Chapter 93A context, the court has recognized that judge and jury, sitting as independent triers of fact, may reach conflicting conclusions. *Wallace Motor Sales, Inc. v. American Motors Sales Corp.*, 780 F.2d 1049, 1063–67 (1st Cir.1985) (rejecting claim that judge's findings must always conform to those of the jury; upholding findings made by district judge on Chapter 93A claim and by jury on Dealers Act claim); *accord Fowler*, 978 F.2d at 162–63 (concluding that under certain circumstances "it is entirely acceptable that the two fact-finders reach conflicting conclusions on the issues"). Thus, even assuming inconsistent findings, CSI's claim must fail. *Cf. Kavanaugh*, 944 F.2d at 9 (noting this court's "substantial reluctance to consider inconsistency [within] civil jury verdicts a basis for new trials.")

5. As CSI advances the same arguments in support of its appeal from the denial of its Rule 59 motion, we conclude that the district court likewise acted well within its discretion in denying CSI's motion for new trial on the merits. *See Phav v. Trueblood, Inc.*, 915 F.2d 764, 766 (1st Cir.1990) ("abuse of discretion" standard governs review of denial of Rule 59 motion).

6

Finally, permitting CSI to employ the bench ruling on the severability issue as a lever with which to upset the jury verdict would circumvent the important Rule 50 corollary that "a party who move[s] for a directed verdict may obtain appellate review *only* on the specific ground stated in the motion." *Pstragowski*, 553 F.2d at 3 (emphasis added); *accord* Fleming James Jr. et al., *Civil Procedure* § 7.30 (4th ed. 1992) (observing that post-judgment motions for judgment as a matter of law are "limited to the assertion of issues or grounds specifically raised in the prior motion"); *see also Doty v. Sewall*, 908 F.2d 1053, 1057 n. 4 (1st Cir.1990) (noting that failure to bring issue underlying new trial claim to district court's attention is significant because " '[b]y doing so ... [the party] got a chance to see the verdict and then to seek to overturn it.' ") (quoting *Caldarera v. Eastern Airlines, Inc.*, 705 F.2d 778, 782 (5th Cir.1983). Challenges to jury verdicts must be evaluated against the backdrop of the case "as submitted" to the jury. *See, e.g., Griffin v. Matherne*, 471 F.2d 911, 915 (5th Cir.1973), *quoted in* 1 Steven A. Childress & Martha S. Davis, *Federal Standards of Review* § 3.10 (2d ed. 1992).

**Affirmed.**[6]

---

6. Although counsel fees have been awarded on occasion for an appellate defense of a judgment on a Chapter 93A claim, *see, e.g., Manzaro v. McCann*, 401 Mass. 880, 885, 519 N.E.2d 1337 (1988), there is no basis for a fee award to Perdoni, since CSI did not challenge the district court judgment on the Chapter 93A claim.