669 So.2d 336 (1996)
MIAMI CHILD'S WORLD, INC., Appellant,
v.
SUNBEAM TELEVISION CORP. d/b/a WSVN Channel 7 and Jon Steinberg, Appellees.
No. 94-2773.
District Court of Appeal of Florida, Third District.
March 13, 1996.
Hall and O'Brien and Andrew C. Hall, Christopher J. Dawes and Richard F. O'Brien III, Miami, for appellant.
Milledge Iden & Held and Allan Milledge, Gary M. Held and Dana J. McElroy, Miami, for appellees.
Before BARKDULL, NESBITT[*] and GODERICH, JJ.
PER CURIAM.
The plaintiff, Miami Child's World, Inc. [Child's World], appeals from an adverse final summary judgment. We affirm.
In the underlying case, Child's World brought a two-count complaint against the defendants, Sunbeam Television Corporation and Jon Steinberg, alleging defamation and tortious interference with a business relationship. The trial court found that there were no genuine issues of material fact and that the defendants were entitled to final summary judgment as a matter of law. We agree.
As to the count for defamation, the trial court properly granted summary judgment where the reporter's characterizations constituted pure opinion, the basis of which was fully disclosed within the news broadcast. Stembridge v. Mintz, 652 So.2d 444, 447 (Fla. 3d DCA 1995); Eastern Air Lines, Inc. v. Gellert, 438 So.2d 923 (Fla. 3d DCA 1983) ("[S]tatements of pure opinion cannot constitute actionable defamation.... `Pure opinion occurs when the defendant makes a *337 comment or opinion based on facts which are set forth in the article or which are otherwise known or available to the reader or listener as a member of the public.'") (quoting From v. Tallahassee Democrat, Inc., 400 So.2d 52, 57 (Fla. 1st DCA 1981), [review denied, 412 So.2d 465 (Fla.1982)]) (citations omitted).
As to the count for tortious interference with a business relationship, we find that the trial court properly granted summary judgment where the news broadcast in question aired after the relevant City of Miami Beach Commission meeting and consequently, could not have constituted intentional and unjustified interference with a business relationship. International Funding Corp. v. Krasner, 360 So.2d 1156, 1157 (Fla. 3d DCA 1978) ("The elements of the tort of interference with a business relationship are (1) existence of a business relationship under which the claimant has legal rights, (2) intentional and unjustified interference with that relationship by defendant, and (3) damage to the claimant as a result of the breach of the business relationship."). Additionally, we find that the business agreement was completely defined by the purchase and sale agreement and that it expired by its own terms.
Therefore, the trial court properly granted summary judgment as to both counts, and we affirm.
Affirmed.
NOTES
[*] Nesbitt, J., did not participate in oral argument.