99 F.3d 1128
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Maryann HALL, Plaintiff, Appellant,
v.
Lawrence Alan HALL, Defendant, Appellee.
 No. 96-1227.
 United States Court of Appeals, First Circuit.
 Nov. 6, 1996.
 
 Anthony M. Fredella, with whom Fredella & Wheeler was on brief for appellant.
 Seth M. Kalberg for appellee.
 Before CYR, BOUDIN and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant Maryann Hall, former spouse of defendant-appellee Lawrence Hall, appeals from a district court judgment dismissing her diversity suit for breach of their agreement for an equal division of any remaining capital in Merlin Machinery, a Massachusetts corporation in which each owned shares.[1] Maryann claims that the adverse jury verdict on which the district court based its judgment is against the weight of the evidence and that the court erred in denying her motion for new trial.[2] We affirm.
 
 
 2
 Maryann's timeous motion for new trial under Fed.R.Civ.P. 59(b) requires that we review the sufficiency of the evidence, see Velazquez v. Figueroa-Gomez, 996 F.2d 425, 426-27 (1st Cir.), cert. denied, 510 U.S. 993 (1993), but only for abuse of discretion. Id. at 427. Following careful review of the entire record, we are satisfied that the district court acted well within its broad discretion in denying the motion for new trial. We add only these brief comments.
 
 
 3
 The district court submitted two questions to the jury. The first inquired whether Maryann had proven that capital remained or should have remained in Merlin Machinery as of the agreed settlement date.[3] The jury responded in the negative.
 
 
 4
 Unlike Larry, Maryann presented no expert testimony on this accounting question. Moreover, although Maryann presented other evidence which, if credited by the jury, may have sufficed to demonstrate undistributed capital in the corporation, nothing in the record suggests that the jury need have accepted her evidence over the competing evidence offered by Larry. Consequently, we must credit Larry's version, see J.D. Havinga v. Crowley Towing and Transp. Co., 24 F.3d 1480, 1483 (1st Cir.1994). Accordingly, the district court judgment is affirmed.
 
 
 
 [1]
 The evidence is viewed, and every reasonable inference drawn, in the light most favorable to the verdict. J.D. Havinga v. Crowley Towing and Transp. Co., 24 F.3d 1480, 1483 (1st Cir.1994)
 
 
 [2]
 As Maryann filed no motion for judgment as a matter of law, see Fed.R.Civ.P. 50(a), (b), we cannot entertain the Rule 50 claim. Hammond v. T.J. Litle & Co., Inc., 82 F.3d 1166, 1171 (1st Cir.1996)
 
 
 [3]
 We do not reach the second question