USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT No. 96-1227 MARYANN HALL, Plaintiff, Appellant, v. LAWRENCE ALAN HALL, Defendant, Appellee.  ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Robert B. Collings, U.S. Magistrate Judge] _____________________  ____________________ Before Cyr, Boudin and Stahl, Circuit Judges. ______________  ____________________ Anthony M. Fredella, with whom Fredella & Wheeler was on brief ___________________ __________________ for appellant. Seth M. Kalberg for appellee. _______________  ____________________ November 6, 1996  ____________________ Per Curiam. Appellant Maryann Hall, former spouse of Per Curiam. __________ defendant-appellee Lawrence Hall, appeals from a district court judgment dismissing her diversity suit for breach of their agreement for an equal division of any remaining capital in Merlin Machinery, a Massachusetts corporation in which each owned shares.1 Maryann claims that the adverse jury verdict on which the district court based its judgment is against the weight of the evidence and that the court erred in denying her motion for new trial.2 We affirm. Maryann's timeous motion for new trial under Fed. R. Civ. P. 59(b) requires that we review the sufficiency of the evidence, see Velazquez v. Figueroa-Gomez, 996 F.2d 425, 426-27 ___ _________ ______________ (1st Cir.), cert. denied, 510 U.S. 993 (1993), but only for abuse ____ ______ of discretion. Id. at 427. Following careful review of the __ entire record, we are satisfied that the district court acted well within its broad discretion in denying the motion for new trial. We add only these brief comments.  The district court submitted two questions to the jury. The first inquired whether Maryann had proven that capital remained or should have remained in Merlin Machinery as of the  ____________________ 1The evidence is viewed, and every reasonable inference drawn, in the light most favorable to the verdict. J.D. Havinga _____________ v. Crowley Towing and Transp. Co., 24 F.3d 1480, 1483 (1st Cir. _______________________________ 1994). 2As Maryann filed no motion for judgment as a matter of law, see Fed. R. Civ. P. 50(a), (b), we cannot entertain the Rule 50 ___ claim. Hammond v. T.J. Litle & Co., Inc., 82 F.3d 1166, 1171 _______ _______________________ (1st Cir. 1996). 2 agreed settlement date.3 The jury responded in the negative.  Unlike Larry, Maryann presented no expert testimony on this accounting question. Moreover, although Maryann presented other evidence which, if credited by the jury, may have sufficed to demonstrate undistributed capital in the corporation, nothing in the record suggests that the jury need have accepted her evidence over the competing evidence offered by Larry. Consequently, we must credit Larry's version, see J.D. Havinga v. ___ ____________ Crowley Towing and Transp. Co., 24 F.3d 1480, 1483 (1st Cir. ________________________________ 1994). Accordingly, the district court judgment is affirmed.  ________  ____________________ 3We do not reach the second question. 3