[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals

## For the First Circuit

---

No. 99-1155

PAMELA B. BERGER, Executrix of Estate of Aliya Berger,

Plaintiff, Appellant,

v.

STEVEN COLON, M.D.,

Defendant, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Edward F. Harrington, U.S. District Judge]

---

Before

Torruella, Chief Judge,
Selya and Stahl, Circuit Judges.

---

Pamela B. Berger on brief pro se.
James H. Anderson, Shelley A. McNamee and Anderson, Adler,
Cohen & Harvey, LLP on brief for appellee.

---

APRIL 19, 2000

---

**Per Curiam**.  Appellee Steven Colan, M.D. ("Colan") has moved for summary disposition of this appeal, and after a thorough review of the record and of the parties' submissions, we allow the appellee's motion and we affirm the judgment.

Appellant Pamela B. Berger's ("Berger's") argument that the jury's verdict was against the weight of the evidence may not be raised on appeal, as she did not raise it in a motion for judgment notwithstanding the verdict, nor in a motion for new trial pursuant to Fed.R.Civ.P. 59(a). Puerto Rico Aqueduct & Sewer Auth. V. Constructora Lluch, Inc., 169 F.3d 68, 82 (1st Cir. 1999) ("A motion for a new trial must be made in the first instance before the trial court, particularly where the weight of the evidence is at issue. . . . The failure to move for a new trial waives the issue on appeal.") (citations omitted); Velazquez v. Figueroa-Gomez, 996 F.2d 425, 426-27 (1st Cir. 1993) (failure to move for judgment notwithstanding the verdict and for a new trial pursuant to Rule 59(a) results in waiver of challenge to sufficiency or weight of evidence).  Even if the matter had been presented properly to the district court, one may not argue that the verdict was against the weight of the evidence simply by citing to the evidence

which was favorable to one's position. If evidence was offered to the contrary, the jury was free to accept or reject each party's evidence, and in most cases, a court is not warranted in overriding the jury's choice.

Likewise, Berger's argument that the testimony and opinion of Colon's expert witness Valhakes was "erroneous" is insufficient to support relief on appeal. Berger makes no argument that Valhakes was unqualified as an expert witness or that his testimony was for some other reason inadmissible under the Federal Rules of Evidence. Her counsel was free to attack Valhakes' opinion on cross-examination (which he did) and in his closing argument. But Berger is not entitled to reversal simply because the jury chose to agree with Valhakes' view of the medical evidence.

Berger's claim that she is entitled to relief based on newly-discovered evidence fails. Such claims must first be brought to the district court through a motion under Fed.R.Civ.P. 60(b)(2) within one year of judgment. See In re Colonial Mortgage Bankers Corp., 186 F.3d 46, 51 (1st Cir. 1999) (procedure for reopening judgment in light of newly-discovered evidence is motion under Rule 60(b)(2); new evidence is not to be proffered for the first time on appeal).

Finally, there is no record support for Berger's contention that jurors slept through portions of the trial, so her claim that she is entitled to relief on this ground must fail.

Affirmed.  1st Cir. Loc. R. 27(c).