Noel **RODRIGUEZ VAZQUEZ,**
**et al., Plaintiffs**

v.

Abraham **LOPEZ MARTINEZ and**
**the Municipality of Salinas,**
**et al., Defendants**

**No. CIV. 01–1541(JP).**

United States District Court,
D. Puerto Rico.

Feb. 21, 2003.

Eliezer Aldarondo–Ortiz, Pablo Landrau–Pirazzi, San Juan, PR, for Plaintiff.

Johanna M. Emanuelli–Huertas, Pedro Ortiz Alvarez Law Offices, Ponce, PR, for Defendant.

## OPINION AND ORDER

PIERAS, Senior District Judge.

## I. INTRODUCTION

The Jury Trial in the above captioned case commenced on November 12, 2002, and concluded on January 24, 2003, wherein the Jury returned a verdict in favor of 38 of the 39 Plaintiffs. Plaintiffs now move for "Judgment on Reinstatement" (docket No. 291).[1] Plaintiffs have requested:

1. Reinstatement of the 24 Law 52 Plaintiffs to positions equal, similar, or compatible to the positions they held at the time their employment contracts with the Municipality expired or, in the alternative, front pay equivalent to a three-year salary.

2. Reinstatement of the 4 Federal Programs Division Plaintiffs to the positions they held before their contracts

---

1. The Plaintiffs request to withdrew their previous "Motion for Judgment on Reinstatement" due to errors; the Court **GRANTS** Plaintiffs' motion to withdraw said motion (docket No. 290) and solely use the new motion (docket No. 291) in the instant opinion.

expired or, in the alternative, front pay equivalent to a three-year salary.

3. Reinstatement of the 10 Career Plaintiffs to the duties and positions they held prior to their transfer and/or divestment of duties by Defendants.

The Court hereby **GRANTS** Plaintiffs' motion and **ORDERS** the reinstatement of Plaintiffs pursuant to this Opinion and Order.

## II. REINSTATEMENT

■ Reinstatement is an equitable remedy which is available to the trial court as a means for righting the wrongs caused by an unjust dismissal. *Santiago–Negrón v. Castro–Dávila,* 865 F.2d 431, 437 (1st Cir. 1989). Nonetheless, this Circuit has "rejected the notion that finding a violation of first amendment rights leads a fortiori to reinstatement." *Rosario–Torres v. Hernández–Colón,* 889 F.2d 314, 321–322 (1st Cir.1989). A district court must apply its discretion on a case by case basis in order to determine whether reinstatement is appropriate under the given circumstances. *Velázquez v. Figueroa–Gómez,* 996 F.2d 425 (1st Cir.1993), *cert. denied* 510 U.S. 993, 114 S.Ct. 553, 126 L.Ed.2d 454 (1993).

■ The First Circuit has stated that the following factors should be among the court's considerations when determining whether reinstatement is appropriate: 1) the strength of the evidence proving the first amendment violation; 2) whether the discharged employee has found comparable work; 3) whether there is a property right in the position held by the employee; 4) the eligibility of the employee for the position, and whether or not the employee met established qualifications; 5) whether or not the reinstatement would implicate federalism and comity concerns; 6) the length of time which has elapsed between the dismissals and reinstatement; and 7)

whether plaintiffs were given a significant monetary award thereby making denial of reinstatement acceptable. *Velázquez,* 996 F.2d at 429; *Acevedo–Díaz v. Aponte,* 1 F.3d 62, 74 n. 14 (1st Cir.1993); *Hiraldo–Cancel v. Aponte,* 925 F.2d 10, 13–14 (1st Cir.), *cert. denied* 502 U.S. 1004, 112 S.Ct. 637, 116 L.Ed.2d 655 (1991); *Rosario–Torres,* 889 F.2d at 322–24. After carefully considering the issues and the factors listed above, the Court is of the opinion that the totality of the circumstances weigh heavily in favor of reinstatement.

### A. Reinstatement of Law 52 and Federal Programs Division Plaintiffs

■ The Court will first evaluate the claims of the Law 52 and Federal Programs Division Plaintiffs according to this standard. Plaintiffs presented very strong evidence of political discrimination at trial, which led the Jury to find that political discrimination was a substantial or motivating factor in Defendants' decision not to renew their Law 52 or Federal Programs Division contracts, or not to recall the Law 52 Plaintiffs back to work after new Law 52 funds were approved and available to the Municipality. Second, Salinas is a small town, and the Law 52 and Federal Programs Division Plaintiffs testified that they were not able to find work once their contracts were not renewed on account of this fact. Third, only 26 months have passed since the Law 52 Plaintiffs' contracts expired and only 17 months since the Federal Programs Division Plaintiffs' contracts expired. Therefore, reinstatement at this time would not be unreasonably burdensome because the Plaintiffs have been out of work for a relatively short period of time. Finally, the monetary award for each Plaintiff was conservative, and not significant enough to make reinstatement unacceptable. The Court

views that the totality of the circumstances weigh heavily in favor of granting reinstatement to the Law 52 and Federal Programs division Plaintiffs.

Therefore, for the foregoing reasons, the Court hereby **GRANTS** the Law 52 and Federal Programs Division Plaintiffs' request for reinstatement as contained in Plaintiffs' Motion (docket No. 287).

The 24 Law 52 Plaintiffs are as follows: Noel Rodríguez Vázquez, Angel Rivera, Jerry Martínez Colón, Luis Centeno Morales, Edgardo Febus de Jesús, Joaquín Soto Santiago, Luis Morales Santiago, Andrés León Banks, José Bernier Pérez, Wilfredo González González, William Carbonell González, Héctor Rodríguez Mateo, Manuel Colón González, José León Rodríguez, Norma Cruz Justiniano, Carmen Aponte Martínez, Luis Ramírez Oliveras, Luis Rivera González, Edgard Tolentino Garay, Luis Bonilla Alvarado, Samuel González Carbonell, Guillermo Romero Lubres, Luis Velázquez Ortiz, and Martín Morales Antonetti.[2] The Law 52 SHALL be granted reinstatement to positions equal to, similar to, or compatible with positions they held at the Municipality of Salinas under Law 52 at the time that their last employment contracts expired on December 31, 2000. In the alternative, Plaintiffs **SHALL** be awarded front pay equivalent to a three-year salary.

The four Federal Programs Division Plaintiffs shall be granted reinstatement according to the following criteria:

1. *Miriam Cintrón Miranda:* **SHALL** be reinstated to her former position as Janitor at the Federal Programs Office; in the alternative, Plaintiff SHALL be awarded front-pay equivalent to a three-year salary.

2. *Ivette Ortiz Zayas:* **SHALL** be reinstated to her former position as Office Systems Administrator at the Federal Programs Office; in the alternative, Plaintiff SHALL be awarded frontpay equivalent to a three-year salary.

3. *Edna P. Ortiz Rivera:* **SHALL** be reinstated to her former position as Receptionist at the Federal Programs Office; in the alternative, Plaintiff SHALL be awarded front-pay equivalent to a three-year salary.

4. *Evelyn Coll Díaz:* SHALL be reinstated to her former position as Section 8 Technician and Housing Inspector at the Federal Programs Office; in the alternative, Plaintiff SHALL be awarded front-pay equivalent to a three-year salary.

## B. Reinstatement of the Career Plaintiffs

■ The Court will now evaluate the claim for reinstatement presented by the Career Plaintiffs. The Career Plaintiffs' claim for reinstatement is unusual, in that all of the Career Plaintiffs are still employed by the Municipality. Typically, Courts have ordered reinstatement as relief for plaintiffs who have lost their jobs, whether through dismissal or the non-renewal of an employment contract. However, Plaintiffs suffered treatment that was analogous to a dismissal; they were divested of the duties of their positions and/or transferred to different departments within the Municipality that were far inferior to the positions and duties they had previously held. While they continued to receive their municipal salaries, the duties, prestige, satisfaction, and opportunities for advancement inherent in Plaintiffs' jobs were taken away from them; functionally and practically, Plaintiffs lost their posi-

2. The Court notes that judgment was entered in favor of Defendants for the political discrimination claims of Law 52 Plaintiff Francisco Bernier Saldaña.

tions. Accordingly, the Court views reinstatement to their previous duties as an appropriate form of relief for the Career Plaintiffs.

While the factors established by the First Circuit have, in the past, been applied to the reinstatement of dismissed employees, they can still be applied fluidly to the factual circumstances of the Career Plaintiffs. Plaintiffs presented very strong evidence of political discrimination at trial, which led the Jury to find that political discrimination was a substantial or motivating factor in Defendants' decision to assign Plaintiffs to unreasonably inferior working conditions that did not match their job descriptions and/or to transfer Plaintiffs to inferior departments. Second, all Plaintiffs were assigned to inferior working conditions during the first few months of 2001, after the new administration took power. Therefore, the reinstatement of Plaintiffs to the duties of their career positions at this time would not be unreasonably burdensome as a short amount of time has passed since Plaintiffs were divested of their duties. Finally, the monetary award for each plaintiff was conservative, and not significant enough to make reinstatement unacceptable.

For the foregoing reasons, the Court hereby **GRANTS** the career Plaintiffs' request for reinstatement. The career Plaintiffs should be reinstated as follows:

1. *Lydia Vargas Martínez:* SHALL be reinstated to the Finance Department to perform her former duties as Office Clerk.
2. *Marilyn Cruz Ramos:* **SHALL** be reinstated to the Elderly Center to perform the duties she performed prior to her transfer.
3. *William Gotay Esparolini:* **SHALL** be reinstated to the same duties he performed prior to his transfer from his position as Administrator of the Cholo Espada Stadium.
4. *Yadira Desardén Mateo:* **SHALL** be reinstated to a position at the Public Relations Office with duties she performed as Office Systems Administrator.
5. *Radamés Velázquez Torres:* **SHALL** be reinstated to his position as Municipal Facilities Custodian at the Department of Public Works, performing the duties he performed prior to his transfer.
6. *Aníbal García Reyes:* **SHALL** be reinstated to duties consonant with his position as Public Works Subdirector.
7. *Alfredo Carrillo Morales:* **SHALL** be reinstated to duties consonant with his position as Communications Officer at the Medical Emergencies Department.
8. *Pedro Cartagena Santiago:* SHALL be reinstated to duties consonant with the position of Municipal Facilities Custodian at Public Works.
9. *Lidia Gómez:* SHALL be transferred from the Municipal Police Department to the Human Resources Office.
10. *Luz Nereida Arroyo Rosado:* SHALL be transferred back to the Finance Department to perform duties as Accounting Assistant.

## III. CONCLUSION

In light of the foregoing circumstances, Plaintiffs' petition for reinstatement is hereby **GRANTED** (docket No. 291). Defendants **SHALL** reinstate the Law 52, Federal Programs Division, and Career Plaintiffs forthwith according to the detailed description contained above in this Opinion and Order.

**IT IS SO ORDERED.**