**Pedro Casillas DIAZ, et al, Plaintiffs**

v.

**Pierre VIVONI, et al, Defendants.**

**Civil No. 01–2238 (JAG).**

United States District Court,
D. Puerto Rico.

Dec. 31, 2003.

Daliah Lugo–Auffant, Miguel A. Perez–Vargas, Perez Vargas & Lugo Auffant Law Offices, Hato Rey, PR, for Plaintiffs.

Ana M. Margarida–Julia, Department of Justice Commonwealth of Puerto Rico, San Juan, PR, Maria Villares–Seneriz, U.S. Department of Justice, Hato Rey, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is defendants' Officer Romualdo Palau, Officer Juan Martinez, Officer Liz Diaz, and Officer Gabriel De Leon,[1] (hereinafter the "defendants"), motion under Fed.R.Civ.P. 50 and 59 for judgment as a matter of law, and for a new trial or *remittitur.* (Docket No. 88.) Plaintiffs Pedro Casillas Diaz and the Estate of Eliomar Lopez Claudio have opposed defendants' motion, and have requested attorneys' fees. (Docket Nos. 89, 90.) For the reasons stated below, the Court denies defendants' motions, and grants plaintiffs' motion.

## FACTUAL BACKGROUND

On September 18, 2000, plaintiffs Pedro Casillas Diaz and Eliomar Lopez Claudio were intervened with and arrested by the defendant police Officer Romualdo Palau, Officer Juan Martinez, Officer Liz Diaz, and Officer Gabriel De Leon. Barbara Camacho Diaz, the wife of Pedro Casillas Diaz, was present at the time. During their arrest, plaintiffs suffered injuries that required medical attention. On that same day, defendants filed charges against Casillas Diaz and Lopez Claudio for violence against a public official. Plaintiffs filed administrative claims against the defendants. Subsequently, the charges

1. The original complaint named Pierre Vivoni, Pedro A. Toledo Davila, and Sgt. Carlos Ruiz–Lopez as defendants in this action claiming supervisory liability. The claims against these defendants were subsequently dismissed.

brought by defendants were voluntarily dismissed after the administrative claims were withdrawn. In May of 2001, Eliomar Lopez Claudio committed suicide. Plaintiffs Pedro Casillas Diaz, Barbara Camacho Diaz, and the parents of Eliomar Lopez Claudio, as his estate, filed this action on September 18, 2001, alleging use of excessive force during the arrest, malicious prosecution and claiming damages as a result.

Trial by jury began on September 23, 2003. During the course of trial, this Court dismissed the claims for malicious prosecution for lack of sufficient evidence. On October 2, 2003, after an eight-day jury trial, the jury returned a verdict in favor of plaintiffs Pedro Casillas Diaz and the Estate of Eliomar Lopez Claudio. (Docket No. 86.) On questions regarding the use of excessive force, the jury found that defendants had used excessive force against Pedro Casillas Diaz and Eliomar Lopez Claudio. As to plaintiff Barbara Camacho Diaz, the jury found that she had not been subjected to excessive force, and therefore this Court dismissed her as a party to this action.

With respect to damages, the jury awarded Pedro Casillas Diaz a total of $50,000 in compensatory damages, finding defendants Romualdo Palau and Juan Martinez liable for $25,000 each, and awarded the estate of Eliomar Lopez Claudio a total of $250,000 in compensatory damages, finding defendants Liz Diaz and Gabriel De Leon liable for $125,000 each. The jury awarded $250,000 in punitive damages against each defendant in the amount of $1 million dollars to be distributed between the plaintiffs.

On October 28, 2003, defendants filed a motion under Fed.R.Civ.P. 50(b) for judgment as a matter of law and under Fed. R.Civ.P. 59 requesting a new trial or a *remittitur.* (Docket No. 88.) On November 7, 2003, plaintiffs opposed defendants' motion (Docket No. 89). Plaintiffs filed a motion requesting attorney' fees on November 25, 2003, (Docket No. 90), that was unopposed by defendants.

## DISCUSSION

### I. *Motion for Judgment as a Matter of Law*

In reviewing a motion for judgment as a matter of law brought pursuant to Fed.R.Civ.P. 50(b), the Court may not consider the credibility of witnesses, resolve conflicts in testimony, or evaluate the weight of the evidence. *Marcano–Rivera v. Pueblo Int'l,* 232 F.3d 245, 251 (1st Cir.2000). The Court should set aside a jury verdict only if the evidence proffered at trial was so strongly and overwhelmingly inconsistent with the verdict that no reasonable jury could have returned it. *Crowley v. L.L. Bean, Inc.,* 303 F.3d 387, 393 (1st Cir.2002). "Once a jury returns a verdict, a 'heavy burden' is placed on one who challenges it." *White v. New Hampshire Dep't of Corr.,* 221 F.3d 254, 259 (1st Cir.2000). The Court will not overturn a verdict so long as there is evidence upon which the jury could properly find a verdict for the prevailing party. Thus, the Court must uphold the jury verdict unless the evidence presented supports only one conclusion: that the verdict cannot stand. *Walton v. Nalco Chem. Co.,* 272 F.3d 13, 18 (1st Cir.2001). In its review, the Court must view the evidence and draw all inferences in favor of the nonmoving party. *Zimmerman v. Direct Fed. Credit Union,* 262 F.3d 70, 75 (1st Cir.2001); *Cardona Jimenez v. Bancomercio de Puerto Rico,* 174 F.3d 36, 40 (1st Cir.1999).

"[A] jury's verdict on the facts should only be overturned in the most compelling circumstances." *Wells Real Estate, Inc. v. Greater Lowell Bd. of Realtors,* 850 F.2d 803, 810 (1st Cir.1988).

Indeed, the Court may not disturb the jury's verdict merely because it might have decided the case differently. The Court may grant a new trial only if it "believes that the outcome is against the clear weight of the evidence such that upholding the verdict will result in a miscarriage of justice." *Velazquez v. Figueroa–Gomez,* 996 F.2d 425, 428 (1st Cir.1993)(quoting *Conway v. Electro Switch Corp.,* 825 F.2d 593, 598–99 (1st Cir.1987)). A court should be especially reluctant to order a new trial when the verdict rendered rested upon the jury's determination of the credibility of witnesses. *Rios v. Empresas Lineas Maritimas Argentinas,* 575 F.2d 986, 990 (1st Cir.1978). Defendants contend that the evidence presented at trial admits only one conclusion: that the evidence was insufficient to find that they had used excessive force against the plaintiffs. In addition, they argue that the size of the verdict award was excessive in light of the evidence presented at trial.

■ The Court cannot conclude that the evidence presented at trial could have led the jury to reach but one conclusion. This is a case that hinged largely on issues of credibility, since plaintiffs' principal allegation was that defendants used excessive force against them during the events that occurred on September 18, 2000. The jury had an opportunity to hear extensive testimony on what happened on September 18, 2000, and there was conflicting testimony as to the events that transpired.

As noted *supra,* in a Rule 50(b) context, the Court may not weigh the evidence presented at trial, but may only determine whether plaintiff provided sufficient evidence to support their claims. Viewing the evidence in the light most favorable to the plaintiffs, the Court finds that plaintiff proffered legally sufficient evidence of excessive use of force. Accordingly, the Court denies defendants' motion.

II. *Motion for New Trial or Remittitur*

■ When considering a motion for a new trial brought pursuant to Fed.R.Civ.P. 59, the Court has discretion to order a new trial, or a new trial limited to the issue of damages, if it finds the jury award excessive. Fed.R.Civ.P. 59. The Court does not, however, enjoy unbridled freedom to grant new trials, because a jury verdict may only be overturned in the most "compelling of circumstances." *Wells Real Estate, Inc. v. Greater Lowell Bd. of Realtors,* 850 F.2d 803, 811 (1st Cir.1988). Indeed, "[t]he obstacles which stand in the path" of claims of excessiveness "are formidable ones." *Smith v. Kmart Corp.,* 177 F.3d 19, 29 (1st Cir.1999)(quoting *Wagenmann v. Adams,* 829 F.2d 196, 215 (1st Cir.1987)). A jury award should not be disturbed only because "it is extremely generous or because ... [the Court] think[s] [that] the damages are considerably less...." *Diefenbach v. Sheridan Transp.,* 229 F.3d 27, 32 (1st Cir.2000)(quoting *Koster v. Trans World Airlines, Inc.,* 181 F.3d 24, 34 (1st Cir. 1999)). The jury's assessment of damages will not be disturbed unless it is "grossly excessive, inordinate, shocking to the conscience of the court, or so high that it would be a denial of justice to permit it to stand." *Correa,* 69 F.3d at 1197; *Koster,* 181 F.3d at 34; *Smith,* 177 F.3d at 30.

■■ Because defendants have asked the Court to review the jury's award of damages for excessiveness, the Court "must examine the evidence in the light most favorable to the award, drawing all possible inferences in its favor." *Smith,* 177 F.3d at 21 (citing *Havinga v. Crowley Towing and Transp. Co.,* 24 F.3d 1480, 1483 (1st Cir.1994)). The Court should only concern itself with the quality of the evidence presented at trial, and should not compare the size of the award to other awards. *Havinga,* 24 F.3d at 1488.

The Court is especially mindful that "[t]ranslating legal damage into money damages is a matter 'peculiarly within a jury's ken,' especially in cases involving intangible, non-economic losses." *Smith,* 177 F.3d at 30 (quoting *Wagenmann,* 829 F.2d at 215); *see also Davignon v. Clemmey,* 322 F.3d 1, 11 (1st Cir.2003)(noting that "[t]he task of estimating money damages, especially intangible, non-economic loss, constitutes a core jury function"); *Trull v. Volkswagen of Am., Inc.,* 311 F.3d 58, 67 (1st Cir.2002).

█ In this case, defendants are challenging the jury's award of three hundred thousand dollars in compensatory damages, and $1 million dollars in punitive damages. Examining the evidence in the light most favorable to the challenged award, the Court finds that the verdict for compensatory and punitive damages should remain undisturbed. "Converting feelings such as pain, suffering, and mental anguish into dollars is not an exact science." *Correa v. Hospital San Francisco,* 69 F.3d 1184, 1198 (1st Cir.1995).

A jury's judgment "is given wide latitude and will be upheld so long as it does not exceed some 'rational appraisal or estimate of the damages that could be based on the evidence before the jury.'" *Blinzler v. Marriott Int'l, Inc.,* 81 F.3d 1148, 1161 (1st Cir.1996); *Langevine v. District of Columbia,* 106 F.3d 1018, 1024 (D.C.Cir.1997)(noting that a court "must be especially hesitant to disturb a jury's determination of damages in cases involving intangible and non-economic injuries"). The Court finds that the compensatory and punitive damages award, while certainly generous, is not so grossly excessive or inordinate to warrant setting it aside. The Court believes that the jury considered all of the evidence presented, including plaintiffs' pain and suffering, to arrive at the damages award. After carefully weighing the evidence on record, the Court finds that the damages award does not shock the conscience, *Smith,* 177 F.3d at 30, and therefore denies defendants' motion for a new trial or *remittitur* on the non-economic damages.

### III. *Request for Attorney's Fees*

Plaintiffs have filed a motion requesting attorneys' fees in the amount of $26,315.00 (Docket No. 90). Defendants have not opposed plaintiffs' request. After examining plaintiffs' request, this Court finds that it is reasonable and awards the request for attorneys' fees.

### CONCLUSION

For the foregoing reasons, the Court denies defendants' motions for judgment as a matter of law, new trial, and for a *remittitur* as to the award for compensatory and punitive damages in the amount of $1.3 million dollars. The Court grants plaintiff's request for attorneys' fees (Docket Nos. 90).

IT IS SO ORDERED.