**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 23 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JAKE AGUILAR; CHARLES J.
AVILA; FRANK R. BARRON;
ALFONSO CASAREZ; FRANK
CORDOVA; EUGENE G. DURAN;
RICHARD DURAN; ALEX
GARCIA; EDDIE W. GOMEZ;
JOE L. GOMEZ; ELOY
GUTIERREZ; THOMAS A. HAY;
MIGUEL L. HERRERA; HARRY S.
MESTAS; JOSEPH G.
MONDRAGON; GEORGE
MONTOYA; LEE MONTOYA; SAM
MONTOYA; REUBEN J. NUNEZ;
PHIL G. PADILLA; MARTIN
QUINTERO; FILBERT J.
ROYBAL, JR.; SALVADOR
SANCHEZ; ARTHUR L.
SANDOVAL; EDWARD
SHANNON; LARRY D. SHAW;
JACK SCHUSTER; STEPHEN R.
SMITH; JOHN A. TOKAR; JOE N.
TRUJILLO, JR.; PETE J. VALDEZ;
PHILADELPHIO S. VELARDE;
ERNEST E. VENSOR; JOE L.
VIGIL; LEROY G. VIGIL;
ROBERT F. WHITE; JOSEPH L.
DURAN; MAX CASIAS; JAMES
SUAZO; HENRY J. CHAVEZ;
ROBERT DOMINGUEZ;
INTERNATIONAL UNION,
UNITED MINE WORKERS OF
AMERICA,

            Plaintiffs-Appellees,

No. 03-1089
(D.C. No. 98-N-885 (OES))
(D. Colo.)

v.

BASIN RESOURCES, INC.,
a corporation,

Defendant-Appellant.

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **BALDOCK** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

Defendant-appellant Basin Resources, Inc. (Basin) appeals the final

judgment entered by the district court in favor of plaintiffs-appellees (plaintiffs)

on February 4, 2003. Our jurisdiction arises under 28 U.S.C. § 1291. We affirm.

This action was filed by a number of retired employees of Basin and their

collective bargaining representative, the United Mine Workers of America.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiffs sought injunctive and other relief based on their claims that Basin had breached its obligations under a collective bargaining agreement to provide lifetime health-care benefits. The case was tried before the district court and a jury, and the jury returned a general verdict in favor of plaintiffs on January 23, 2003.

In the final judgment it entered on February 4, 2003, the district court entered a money judgment in favor of plaintiffs based on the jury verdict, and it also granted injunctive relief to plaintiffs. On March 6, 2003, Basin filed a timely notice of appeal. Subsequently, on May 30, 2003, while this appeal was pending, the parties filed a joint motion in the district court under Fed. R. Civ. P. 60(b)(6) to correct the damage amounts set forth in the final judgment.[1] On June 2, 2003, in response to the parties' motion, the district court entered an amended final judgment that reduced the dollar amount of the money judgment awarded to plaintiffs. Neither the amended final judgment nor the question of damages are at issue in this appeal, however, as Basin is challenging only the jury's liability determination in favor of plaintiffs.

---

[1] The filing of the parties' Rule 60(b)(6) motion did not affect this court's jurisdiction over this appeal, as it is well established that, except in limited circumstances not present here, the filing of a Rule 60(b) motion does not affect the finality of a final judgment. *See Desta v. Ashcroft*, 329 F.3d 1179, 1183 (10th Cir. 2003) ("The law is settled that a Rule 60(b) motion--unless filed within 10 days of the judgment being challenged, . . .--does not affect the finality of the original judgment . . . .").

Basin has asserted only one issue in this appeal, and that is whether the jury's verdict was against the weight of the evidence presented at trial. However, Basin did not file a motion for a new trial in the district court under Fed. R. Civ. P. 59(a) based on the weight of the evidence issue. As a result, Basin has waived its claim that the jury's verdict was against the weight of the evidence, and Basin's waiver precludes appellate review. *See Pennington v. W. Atlas, Inc.*, 202 F.3d 902, 911 (6th Cir. 2000) ("In order to preserve a challenge to a jury verdict as being against the great weight of the evidence, the appellant must have made a motion for a new trial in district court. Failure to do so precludes appellate review.") (citations omitted); *Etienne v. Inter-County Sec. Corp.*, 173 F.3d 1372, 1375 (11th Cir. 1999)(same); *Velazquez v. Figueroa-Gomez*, 996 F.2d 425, 427 (1st Cir. 1993) (same); *see also King v. United States*, 301 F.3d 1270, 1274 (10th Cir. 2002) ("It is a general rule that this court will not consider an issue on appeal that was not raised below."), *cert. denied*, 123 S. Ct. 2572 (2003).

The final judgment entered by the district court on February 4, 2003 is AFFIRMED insofar as it has been challenged in this appeal by Basin.

Entered for the Court

Bobby R. Baldock
Circuit Judge

-4-