**Gerardo OLIVERAS–ZAPATA,
Plaintiff**

v.

**UNIVISION PUERTO RICO,
INC., Defendant.**

**CIV. No. 09–1987 (BJM).**

United States District Court,
D. Puerto Rico.

April 30, 2012.

Carlos M. Vergne–Vargas, Carlos M. Vergne Law Office, Jose A. Rios–Rosa, Jose A. Rios Rosa Law Office, Juan R. Gonzalez–Munoz, Gonzalez Munoz Law Office, San Juan, PR, for Plaintiff.

Luis Fernando Llach–Zuniga, Radames A. Torruella–Del–Valle, Patricia M. Marvez–Valiente, McConnell Valdes, San Juan, PR, for Defendant.

## ORDER

BRUCE J. McGIVERIN, United States Magistrate Judge.

Following a trial on the merits, the jury in this case returned a verdict against defendant Univision Puerto Rico, Inc. ("Univision") on plaintiff Gerardo Oliveras–Zapata's ("Oliveras") retaliation claims brought under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*; and Puerto Rico's Law No. 115 of December 20, 1991 ("Law 115"), 29 L.P.R.A. §§ 194 *et seq.* In accordance with the jury's verdict, judgment was entered in favor of Oliveras in the amount of $3,299,998.00.[1] (Docket No. 170). Before the court are Univision's *Motion for Judgement as a Matter of Law Pursuant to Rule 50, and Alternative Motion for New Trial and/or Remittitur under Rule 59 and to Vacate Judgment under Rule 60(b)* (Docket No. 192, 222) and Oliveras's opposition. (Docket No. 208, 225). After careful consideration and review of the various transcripts and filings, the court rules as follows:

▆▆▆ 1. Univision first contends that the evidence at trial was insufficient to establish liability for retaliation under federal and Puerto Rico law. In assessing a Rule 50(b) challenge to the sufficiency of evidence to support a jury verdict, the court "must ask whether, viewing the evidence in the light most favorable to the verdict, a rational jury could have found in

1. Specifically: (1) compensatory/punitive damages under Title VII for $200,000 ($1/$199,999); (2) compensatory damages under . Law 115 for $2,199,998 ($1,099,999 × 2); and (3) backpay under ADEA and Law 115 for $900,000 ($300,000 × 3).

favor of the party that prevailed." *Bisbal–Ramos v. City of Mayaguez*, 467 F.3d 16, 22 (1st Cir.2006). The court must not consider the credibility of the witnesses, resolve conflicts in testimony, or evaluate the weight of the evidence, and may overturn the jury's determination only if a reasonable person could not have reached the conclusion of the jury. *Valentín–Almeyda v. Municipality of Aguadilla*, 447 F.3d 85, 95–96 (1st Cir.2006). Applying this standard, I find that there was sufficient evidence admitted at trial to enable the jury to reasonably conclude that Univision terminated Oliveras in August 2008 in retaliation for engaging in protected activity by raising claims of discrimination in a letter from his attorney in late March or early April of that same year,[2] that this retaliation was "willful," resulting in an additional award under 29 U.S.C. § 626(b), and that the evidence was sufficient for the jury to award punitive damages. "While the jury could have accepted the [defendant's] explanations for its actions, we cannot say that it was irrational for the jury to have concluded that ... retaliation was the motivation for the ... actions." *McDonough v. City of Quincy*, 452 F.3d 8, 19 (1st Cir.2006). Univision's Rule 50 motion for judgment as a matter of law is therefore **DENIED**.

2. Univision also moves for a new trial pursuant to Rule 59. Under Rule 59, "[t]rial judges have more leeway to grant new trials than to set aside verdicts based on insufficiency of the evidence under Rule 50. They may consider their view of the credibility of the witnesses in doing so, but must be careful not to invade the jury's province." *Valentín–Almeyda*, 447 F.3d at 103. "And they may grant a new trial only if they are convinced that the verdict is against the clear weight of the evidence, such that letting it stand would result in a miscarriage of justice." *Id.* However, a "trial judge may not upset the jury's verdict merely because he or she might have decided the case differently." *Velazquez v. Figueroa–Gomez*, 996 F.2d 425, 428 (1st Cir.1993). In the end, the decision to grant a new trial is left to the sound discretion of the trial judge. *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). In this case, although the evidence at trial certainly could have supported a verdict in Univision's favor, it does so clearly weigh in Univision's favor that letting the verdict stand would result in a miscarriage of justice. The motion for a new trial under Rule 59 is therefore **DENIED**.

3. In the alternative, Univision seeks remittitur, arguing that the damages awarded are excessive. However, a jury's award may not be overturned "unless it is grossly excessive or so high as to

**2.** Univision spills a great deal of ink in its 102–page motion arguing that Oliveras failed to establish a prima facie case, which, as the First Circuit has noted, "is not the correct focus at this juncture." *Munoz v. Sociedad Española de Auxilio Mutuo y Beneficiencia de P.R.*, 671 F.3d 49, 55–56 (1st Cir.2012). Univision is correct, however, in noting that in a retaliation claim, the required proof of a causal connection is lacking when the complained-of adverse employment action precedes the protected activity, *see Sabinson v. Trs. of Dartmouth Coll.*, 542 F.3d 1, 5 (1st Cir.2008), and when the adverse employment action "was contemplated but 'not definitively determined' before the protected activity took place." *Munoz*, 671 F.3d at 56, citing *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 272, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001). Here, however, the protected activity (complaining about discrimination) preceded the adverse action (discharge from employment) by several months. Moreover, although there was substantial evidence that Univision was less than completely satisfied with Oliveras's performance prior to his complaint about discrimination, the jury could have reasonably concluded, based its weighing of all the evidence, that retaliation for bringing those claims was the reason he was ultimately fired.

shock the conscience of this court." *Valentín–Almeyda*, 447 F.3d at 103. "These deferential standards of review implicitly recognize that 'translating legal damage into money damages—especially in cases which involve few significant items of measurable economic loss—is a matter peculiarly within the jury's ken.'" *Acevedo–García v. Monroig*, 351 F.3d 547, 566 (1st Cir.2003), *quoting Gutiérrez–Rodríguez v. Cartagena*, 882 F.2d 553, 577–78 (1st Cir. 1989). In this case, the evidence supporting the award for compensatory damages consisted entirely of Oliveras's own often conclusory testimony of how his loss of employment affected him and his family, specifically that his loss of employment resulted in emotional distress and economic hardships such as losing a house in Miami and having to move in with his mother. Oliveras did not seek any medical or psychological help, and his testimony as to his emotional distress was not supported by any medical evidence. Having heard the evidence, I find that the award of $1,100,000 in compensatory damages is grossly disproportionate to the testimony Oliveras presented. I further find that the maximum recovery for compensatory damages for which there is evidentiary support is $500,000. *Koster v. Trans World Airlines, Inc.*, 181 F.3d 24, 36 (1st Cir.1999) (applying First Circuit's "maximum recovery rule" to cap compensatory damages at maximum amount supported by the evidence). I therefore grant Univision's motion for a new trial on the issue of the amount of compensatory damages, conditioned on Oliveras's declining to remit $600,000 of the total amount awarded by the jury (and subject to the doubling of the award under Puerto Rico's Law 115).[3]

4. Univision also seeks reduction of the jury's $300,000 award for backpay, noting that Oliveras's own testimony and the closing argument of Oliveras's attorney calculated his back pay at the amount of $255,593, and that there was no evidence by which the jury could determine a greater amount. With respect to economic damages such as backpay, "the jury is free to select the highest figures for which there is adequate evidentiary support." *Mercado–Berríos v. Cancel–Alegría*, 611 F.3d 18, 29 (1st Cir.2010) (quotation and citation omitted). Here, however, the evidentiary record supports no higher number for backpay than the number argued by plaintiff's counsel during closing arguments. Since the higher award of $300,000 is unsupported by the evidence, I therefore grant Univision's motion for a new trial as to the issue of backpay conditioned on Oliveras's declining to remit $44,407 of the amount awarded by the jury (and subject to tripling the award pursuant to Puerto Rico's Law 115 and 29 U.S.C. 626(b)).

**By May 7, 2012, Oliveras shall inform whether he accepts the lowered damages awards as determined in paragraphs 3 and 4 above.**

---

3. Oliveras cites the First Circuit's recent decision in *Munoz*, which upheld the district court's decision not to grant remittitur on a jury's award of $1,000,000 for emotional distress damages. 671 F.3d at 61–62. Univision, for its part, cites several cases in which the court found emotional distress damages to be valued at much less than the $500,000 figure I adopted above. Although such case law is useful to a limited extent for comparison purposes, the court must make its determination based on the specific evidence and circumstances in the case before it, which is what I have done in this case.