**Gerardo OLIVERAS–ZAPATA, Plaintiff**

v.

**UNIVISION PUERTO RICO, INC., Defendant.**

**CIV. No. 09–1987 (BJM).**

United States District Court, D. Puerto Rico.

May 16, 2012.

Carlos M. Vergne–Vargas, Carlos M. Vergne Law Office, Jose A. Rios–Rosa, Jose A. Rios Rosa Law Office, Juan R. Gonzalez–Munoz, Gonzalez Munoz Law Office, San Juan, PR, for Plaintiff.

Luis Fernando Llach–Zuniga, Radames A. Torruella–Del–Valle, Patricia M. Marvez–Valiente, McConnell Valdes, San Juan, PR, for Defendant.

## ORDER

BRUCE J. McGIVERIN, United States Magistrate Judge.

Following a trial on the merits, the jury in this case returned a verdict against defendant Univision Puerto Rico, Inc. ("Univision") on plaintiff Gerardo Oliveras–Zapata's ("Oliveras") retaliation claims brought under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*; and Puerto Rico's Law No. 115 of December 20, 1991 ("Law 115"), 29 L.P.R.A. §§ 194 *et seq.* In accordance with the jury's verdict, judgment was entered in favor of Oliveras in the amount of $3,299,998.00. (Docket No. 170). Subsequently, the court granted Univision's motion for remittitur (Docket No. 237), and Oliveras agreed to accept the lowered amount of damages set by the court. (Docket No. 240). Presently before the court are Oliveras's motions requesting reinstatement and/or front pay, and prejudgment interest. (Docket No. 166, 183, 188). Univision has opposed. (Docket No. 178, 189).

Oliveras first requests an order reinstating him to his former position at Univision, and in the alternative seeks the equitable remedy of front pay. The First Circuit has observed that "reinstatement is an important remedy because it most efficiently advances the goals of Title VII by making

plaintiffs whole while also deterring future discriminatory conduct by employers. As a result, we have said that in employment discrimination cases, the overarching preference is for reinstatement. It is clear to that equitable considerations different and kind or degree from those regularly accompanying reinstatement must be present, if this important remedy is to be denied." *Che v. Massachusetts Bay Transp. Authority*, 342 F.3d 31, 43 (1st Cir.2003) (internal quotations and citations omitted).

In *Che*, the First Circuit also noted a number of special considerations that could form the basis for a denial of reinstatement, including: (1) the strength of the evidence; (2) whether the discharged employee has found comparable work; (3) the absence of a property right in the position because the employee was hired in violation of law; and (4) the ineligibility of the employee for the position, due to failure to meet established qualifications, which would result in immediate discharge. *Id.*, at 43, fn. 1, citing *Velazquez v. Figueroa–Gomez*, 996 F.2d 425, 429 (1st Cir.1993). Importantly, the Court noted that this list "is certainly not exhaustive." *Id.* at 43. Indeed, workplace hostility that could result from the plaintiff's reinstatement may be considered, but "given the importance of reinstatement as a remedy in employment discrimination cases, there must be evidence in the record aside from an employer's mere participation in the trial to support a finding of extraordinary antagonism if that is to be the basis for the district court's denial of reinstatement." *Id.* at 44. Moreover, the First Circuit has found that "the amount of the damage awards," along with other factors, can provide "sufficient justification for denying reinstatement." *Velazquez v. Figueroa–Go-*

*mez*, 996 F.2d 425, 429 (1st Cir.1993); *see also Kerr–Selgas v. American Airlines, Inc.*, 977 F.Supp. 100, 103 (D.P.R.1997) (denying reinstatement upon finding that $1.2 million damage award made plaintiff whole and provided adequate deterrence). In considering remedies under Title VII, the statute also permits the court to consider the rights of innocent employees. *Ford Motor Co. v. E.E.O.C.*, 458 U.S. 219, 102 S.Ct. 3057, 73 L.Ed.2d 721 (1982).

In this case, I find that the equitable remedy of reinstatement is not warranted. In reaching this determination, the overriding consideration is the amount of monetary compensation already awarded, which is more than sufficient to satisfy Title VII's twin aims of making plaintiff whole and deterring future retaliatory conduct. The award, as reduced by the court and accepted by the plaintiff, provides Oliveras with nearly $2 million. Importantly, as the result of doubling damages under Puerto Rico law, and the awarding of both punitive and liquidated damages under federal law, Oliversas's award includes approximately $1.21 million over and above what he received in backpay and for his emotional distress. This amount is certainly sufficient to make Oliveras whole insofar as it constitutes more than thirteen times his annual salary when he left Univision. The amount is also clearly high enough to deter Univision or other employers from engaging in retaliatory conduct. Moreover, Univision points out, and plaintiff does not contest, that Oliveras's reinstatement would negatively affect an innocent person who was given Oliveras's position after his dismissal. In sum, after weighing all of the factors, I find that the remedy of reinstatement is not warranted.[1] For the same reasons, I

---

1. Univision also argues that Oliveras's reinstatement would result in undue tension in the

find that the alternative equitable remedy of front-pay is not justified. *Carey v. Mt. Desert Island Hosp.*, 156 F.3d 31, 40–41 (1st Cir.1998) (district court within its discretion in denying front pay when plaintiff already received sufficient compensation).

Finally, I find that plaintiff is not entitled to prejudgment interest on the back-pay award, since he received an award of liquidated damages. *Linn v. Andover Newton Theological School, Inc.*, 874 F.2d 1, 6 (1st Cir.1989). Oliveras's request for prejudgment interest on compensatory damages is likewise denied. Post judgment interest will be applied from the date of entry of final judgment (December 9, 2011).